### 13811. PINKERTON NATIONAL DETECTIVE AGENCY v. WALKER.

The exception stated in the workmen's compensation act of 1920, section 2, subsection (d) (Ga. L. 1920, pp. 169-170), which excludes "injury caused by a wilful act of a third person directed against an employee for reasons personal to such employee or because of his employment," did not apply, under the facts of this case, to the homicide of a detective who was assigned by his employer, a detective agency, to service in a jewelry store for the purpose of protecting it from thefts, and who was in the front of the store for this purpose, without anything on his person to indicate the nature of his em-

ployment, when shot and killed by a thief fleeing with a diamond-ring taken from the store, whom he had just grabbed to prevent the thief from escaping.

Under the particular facts of the case the judge of the superior court did not err in sustaining the award made by the industrial commission.

DECIDED APRIL 10, 1923.

Appeal; from Fulton superior court — Judge George L. Bell. June 26, 1922.

Certiorari was granted by the Supreme Court.

*Alston, Alston, Foster & Moise,* for plaintiff in error, cited: Ga. L. 1920, p. 169; Bulletin 272 of U. S. Bureau of Labor and Statistics; U. S. *v.* Morris, 14 Peters, 473 (meaning of "employed"); Hooper on Workmen's Compensation (2d ed.), 36 § 18 (meaning of "accident"); *Travelers Insurance Co.* v. *Newsome,* 147 *Ga.* 608; 22 *Ga. App.* 28; Helburg *v.* Louisville, 180 Pac. 751; Ga. L. 1922, p. 185 (amendment of act of 1920, supra).

*Dorsey, Shelton & Dorsey,* contra, cited: Act of 1920, supra; Keyes *v.* N. Y., O. & W. Ry., 108 Atl. 406 (1) (Pa. 1919); Bruno *v.* Champlain Mills, 229 N. Y. 470 (128 N. E. 711); Spang *v.* Broadway Co., 182 App. Div. 443 (169 N. Y. Supp. 574); Mechanic Co. *v.* Industrial Board, 281 Ill. 530; Reitel *v.* Pondville Woolen Mills, L. R. A. 1916A, 304 (109 N. E. 951); McNicol *v.* Employer's Liability Ins. Corp., 215 Mass. 497 (L. R. A. 1916A, 306); State ex rel. Anseth *v.* Dist. Court, 134 Minn. 16 (L. R. A. 1916F, 957); Western Ind. Co. *v.* Pillsbury, 151 Pac. 398 (Cal. 1915); Kelly, *v.* Timm Joint School, (Eng. 1913) 30 Times L. R. 452; Nesbit *v.* Royal, (Eng. 1910) 2 K. B. 689; Anderson *v.* Balfour, (1910) 2 I. R. 497; Weeks *v.* Stead, (1914) 30 Times L. R. 586; Shaw *v.* McFarlane, (1914) 52 Scot. L. R. 236; Emerick *v.* Slavonian &c. Union, 93 N. J. Law, 282 (108 Atl. 223); Shafter Estate Co. *v.* Industrial Commission, 175 Cal. 522 (166 Pac. 24); Nevich *v.* Delaware, L. & W. R. Co., 90 N. J. Laws, 228 (L. R. A. 1917E, 847); Mariano *v.* Krasnoger, 228 N. Y. 609 (127 N. E. 916); Milwaukee *v.* Miller, 154 Wis. 652 (L. R. A. 1916A, 1 (4)).

LUKE, J. Irby C. Walker was in the employ of the Pinkerton National Detective Agency. Walker, as a detective, had been assigned by his employer to service in a jewelry store during the Christmas holidays in the City of Atlanta. It was Walker's duty

to watch the store for the purpose of discovering any one who might unlawfully molest anything in the store. Walker was plainly dressed, that is to say, he wore no uniform, nor openly a badge or any other kind of insignia by which the public or the patrons of the store could discover his identity. He would be observed and recognized only as a sightseer or a customer of the place. While he was thus engaged a person unknown to him and unknown to the proprietor of the store presented himself to one of the clerks as a prospective purchaser of a diamond ring. The ring was handed to the prospective purchaser for examination, and when he had it in his hands he suddenly made a dash for the front door, his purpose being to leave the premises without paying for the ring. Walker grabbed him, undertaking to keep him from fleeing with the ring, and suddenly he shot Walker, killing him immediately. He then fled into the street, firing his pistol, and when another person undertook to intercept his flight he also shot him. He was subsequently indicted, convicted, and hanged for the murder of Walker. *DuPre v. State,* 153 *Ga.* 798 (113 S. E. 428).

Mrs. Gladys Walker, wife, of Irby Walker, the deceased detective, filed with the Industrial Commission of Georgia an application for an award of compensation against the Pinkerton National Detective Agency. Upon the hearing before one of the commissioners the application for award was favored. This award, upon review before the whole commission, was sustained. As provided by law, an appeal was taken by the Pinkerton National Detective Agency to the superior court. The award was approved by the court. Writ of error is here to review that judgment. It is contended by the plaintiff in error that there was not sufficient evidence to warrant the Industrial Commission in making the award, and that therefore the judgment of the superior court in sustaining the award was without evidence to support it. It was agreed that the Pinkerton National Detective Agency came under the provisions of the Georgia workmen's compensation act. It was shown that Irby C. Walker was employed on a per diem basis of $4 per day; that on Thursday morning, December 15, 1921, he was detailed to the Nat Kiser Company jewelry store as a watchman, to protect the store against the operation of criminals, and that in the discharge of his duty he endeavored to

detain a man who committed a theft in the store, and was killed by the thief.

The Georgia workmen's compensation act was passed in 1920 (Ga. L. 1920, p. 167). The plaintiff in error contends that the in- jury involved in this case falls within the exception contained in subsection (d) of section 2 (p. 169), which is as follows: "(d) 'Injury' and 'personal injury' shall mean only injury by ac- cident arising out of and in the course of the employment, and shall not include a disease in any form, except where it results naturally and unavoidably from the accident, nor shall 'injury' and 'personal injury' include injury caused by a wilful act of a third person directed against an employee for reasons personal to such employee or because of his employment." The exception re- lied upon is as follows: "injury caused by a wilful act of a third person directed against an employee for reasons personal to such employee or because of his employment." The result of this case depends upon a proper construction of the above-quoted exception in the act.

In construing statutes it may not be always safe to rely upon the common axiom, "The spirit of the law is to be considered;" for, as Chief Justice Lumpkin once said: "Every man hath his own particular point of view, and, at different times, sees the same ob- jects in very different lights. The spirit of the law will then be the result of the good or bad logic of the judge; and this will de- pend on his good or bad digestion, on the violence of his passions, and on all those little circumstances which change the appearance of objects in the fluctuating mind of man." The fundamental rule is to ascertain and give effect to the intention of the legis- lature. Such intention must be the intention as expressed in the statute; and where the meaning of the language used is plain, it must be given that effect. When seeking to find the intent of the legislature, in giving effect to its enactments, it is very dangerous for judges to launch out too far in searching into the intent of the legislature, where they have expressed themselves in plain and clear words."

Does the letter of the Georgia workmen's compensation act, and did the legislature by its terms intend to, except all injuries caused by the wilful act of a third person? We think not. It is not the letter of the Georgia workmen's compensation act that

all injuries caused by the wilful act of third persons shall be excepted from its operation; and, from a reading of the letter of the act, we are safe in saying that the legislature did not intend to except all injuries caused by the wilful act of a third person. Had that been the intention, the qualifying phrases, "for reasons personal to such employee," and "because of his employment," would not have been used. It was intended that certain injuries, though inflicted by the wilful act of a third person, should come, for purposes of compensation, within the scope of the law. And if the injury here can be seen to have been a natural incident of the work, and to have been contemplated by a reasonable person as a result of the exposure occasioned by the nature of the employment, it may be said to have arisen out of the employment, and could be regarded as fairly within the contemplation of the parties at the time when the contract of employment was made. It is not to stretch the imagination nor to deal solely with the spirit of the act to say that injuries could be inflicted by the wilful act of a third person which would bring them within the scope of the exceptions specified in the law. Walker and DuPre could have become engaged in a quarrel and, because of passion thus aroused, DuPre could have killed Walker, and, under the circumstances, compensation not be awarded. They may have quarreled to-day and subsequently Walker may have been killed, and in this instance he would not come under the terms of the statute entitling his widow to an award for compensation. And in each instance just cited he might, at the time of the loss of his life, be actually in the service of his employer.

Now, as to the other exception. The undisputed facts of the case clearly and completely refute any theory that the injury was inflicted "for reasons personal to such employee." It does not appear that DuPre and the employee had ever seen each other before or that there was any personal relation at the time or previously between them. It is a fact that Walker was killed in a sudden and brief encounter. The plaintiff in error cannot escape liability under the exception "injury caused by the wilful act of a third person directed against an employee for reasons personal to such employee." Do the undisputed facts of this case bring it within the other exception, "because of his employment," within the meaning of the statute? We think not. It would not be

contended that one injured while working within the scope of his employment in the operation of machinery falls within the exception " because of his employment." To so hold would be to destroy the obvious intent and meaning of the act as a whole. Let us further illustrate: If the shot fired in this case had been directed at the employer or some bystander instead of directly at Walker, can it be said that simply " because of his employment," which placed him in a position to receive the stray shot, compensation would be denied? Under the undisputed facts of this case Walker was not killed because of his employment. DuPre did not know him and would have just as ruthlessly slain any other person. In fact he did indiscriminately fire a pistol on a crowded street and deliberately shoot another not of his acquaintance. To hold that " because of his employment " compensation in this instance should be denied would be to defeat both the letter and the intent of the act as a whole; for every injury sustained by an employee engaged in the discharge of his regular duties is, in one sense, an injury sustained " because of his employment." Surely the legislature did not intend the law to discriminate against any employee who sustained accidental injury " because of his employment," in an instance where such injury is the direct and natural result of the performance of the very duty which was specificially assigned to him, merely because such injury is inflicted " by the wilful act of a third person." To give this provision of the workmen's compensation act that interpretation would manifestly do violence to every accepted rule governing the construction of such statutes. It would be to bring about a conflict in the different clauses and the meaning expressed in different sections and parts of the act itself, and would serve to contradict the provisions of the act.

The question here presented and determined is one of first impression in this State. We have diligently inquired into the precedents from the other States, and we find that their rulings are not all in accord. In some instances the statute has been construed without regard to either intent or spirit, and in other instances upon the intent as the different judges may have deduced the intent from the wording of the statute; in other instances, as the different judges determined the spirit of the law to be. What we have said here will meet with approval in the other juris-

dictions as it may fit the precedents there announced. In our opinion the court properly sustained the award of compensation in this case.

*Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*