### 14216.　HIGHTOWER *v.* UNITED STATES CASUALTY COMPANY *et al.*

Compensation under the workmen's compensation act (Ga. L. 1920, p. 167) was properly denied in this case, the homicide in question being within the exception stated in subsection (d) of section 2, which excludes "injury caused by a wilful act of a third person, directed against an employee for reasons personal to such employee."

DECIDED APRIL 10, 1923.

Appeal; from Richmond superior court — Judge Henry C. Hammond. December 16, 1922.

*A. L. Franklin, Pierce Brothers,* for plaintiff.

*Rosser, Slaton & Hopkins,* for defendants.

LUKE, J.  This case came to this court on exception to a judgment of the judge of the superior court of Richmond county. confirming an award of the industrial commission of Georgia, refusing compensation to Mrs. B. T. Hightower, wife of Ben T. Hightower, an employee of Holley Wagon Works, who met his death while an employee of the Holley Wagon Works. It is undisputed that the Holley Wagon Works comes under the provisions of the Georgia workmen's compensation act. The uncontradicted facts of the case are briefly as follows: Hightower was the superintendent of Holley Wagon Works. A negro automobile driver in the employ of one of the customers of Holley Wagon Works was at the place of business of the wagon works for the purpose of receiving an automobile · wheel which had been left there for repairs, and a dispute arose between Hightower and the negro chauffeur over the delivery of a part of the wheel. The two men quarreled, and there is evidence from the one side that Hightower whipped the chauffeur for his insolence, and there is evidence on the other hand that he did nothing more than throw a stick at him. It is shown that the chauffeur left the place of business, and that several hours afterwards he came back to the wagon works, and, without saying anything, lifted a gun that he held in his hands and shot Hightower to death. Upon this state of facts the industrial commission denied compensation to the widow. Upon appeal as provided by law, the judge of the superior court sustained the award of the industrial commission.

It was not error for the court to affirm the decision of the industrial commission. The particular facts of this case differentiate it from the case of *Pinkerton National Detective Agency* v. *Walker,* ante, 91. In this case the deceased was murdered because of the malice of the person who killed him. His death was the result of the wilful act of a third person, directed against an employee for reasons personal to the employee, and falls squarely within the exceptions contained in subsection (d) of section 2 of the act of 1920 (Ga. L. 1920, p. 169). Hightower met his death not because of his employment, but by reason of the personal feelings of his assailant towards him.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*