28310. OCEAN ACCIDENT & GUARANTEE CORPORATION *et al. v.* LANE.

MacIntyre, J. 1. "The opinion of an expert witness is not conclusive upon the jury. Such testimony is intended to aid them in coming to a correct conclusion upon the subject; but the jury is not bound by such opinion, and can disregard it. The jury may deal with such testimony as they see fit. giving credence to it or not." *Manley* v. *State,* 166 *Ga.* 563, 566 (19) (144 S. E. 170) ; *Liberty Mutual Insurance Co.* v. *Williams,* 44 *Ga. App.* 452 (161 S. E. 853).

2 "A jury in arriving at a conclusion upon disputed issues of fact may believe a part of the testimony of a witness or witnesses, and reject another part thereof, it )eing their duty to ascertain the truth of the case from the opinion they entertain of all the evidence submitted for their consideration." *Sappington* v. *Bell,* 115 *Ga.* 856 (42 S. E. 233) ; *Reaves* v. *Columbus Electric & Power Co.,* 32 *Ga. App.* 140, 151 (122 S. E. 824).

3. In this case the claimant, an old negro man who was more or less ignorant, contended that one of two hernias had caused his disability for which he was seeking compensation under the workmen's compensation act. His testimony, as it related to the material question as to which of the two hernias was the cause of his disability, was not clear in some particulars and in some particulars militated against him. The testimony of the physicians, as stated by the director, was in sharp conflict on material issues. However, under the rules stated in the two preceding headnotes, the director was authorized to find from the

claimant's testimony as a whole and the other evidence in the case that the hernia, as contended by the claimant, caused the disability. There was sufficient competent evidence to support the award of the director in favor of the claimant, and the judge of the superior court did not err in affirming the award of the full board affirming the award of the director. *Judgment affirmed. Broyles, C. J., and Gardner, J., concur.* DECIDED DECEMBER 3, 1940. REHEARING DENIED DECEMBER 19, 1940.

*Matthews, Owens & Maddox,* for plaintiffs in error.
*Lanham & Parker,* contra.