## 29029. THOMPSON *v.* CITY OF ATLANTA.

Decided October 15, 1941. Rehearing denied December 10, 1941.

*J. Wightman Bowden,* for plaintiff.

*J. C. Savage, J. C. Murphy, E. L. Sterne, Frank A. Hooper Jr.,* for defendant.

MacIntyre, J. Claude Thompson brought this action against the City of Atlanta for compensation under the workmen's compensation act. The Industrial Board found against his claim. The judge of the superior court sustained the finding of the Industrial Board. The claimant excepted.

It appears that the claimant, at the time of the injury in ques-

tion, had been suffering from a syphilitic condition and high blood pressure. He had a job with the City of Atlanta in the sanitary department. His duty, among other things, was to carry garbage in a tub from the back of houses to the garbage truck. On the occasion of the injury a wire became tangled with the drive shaft of the truck, and in attempting to extricate the wire, and while his fingers or hand was wrapped around the wire, the truck suddenly was put in gear by the driver or fell in gear and started off, jerking the claimant's fingers and arm and snapping his head back, leaving a tingling sensation in his arm, back, etc. There was evidence for the defendant to the effect that the claimant's fingers were slightly injured and healed shortly, and that his present condition was not affected in any way by the injury. Dr. Ridley, a witness for the defendant who examined the claimant eleven days after the injury, testified in part: "This blood pressure was a chronic thing. It could have been a cerebral accident from the rupture of the vessel but it didn't appear to me that way. It appeared to me more like a paresis from probably syphilis. It could have been either or both, but that was my opinion at that time. I again examined him on July 15th and took a Wassermann [test] on him. . . As far as I know the accident is not the cause of his inability to work now. My opinion is the syphilis and high blood pressure and hardening of the arteries and arteriosclerosis" are the cause of his inability to work now. Dr. T. S. Claiborne, witness for the defendant, gave the following answers to the following questions: Q. "From your personal examination of this particular claimant, Claude Thompson, and from the evidence you heard delivered here on it, I will get you to state whether or not in your opinion his present disability is due to any physical accident or violence." A. "I believe that his present disability is the result of hardening of the arteries of the brain and of his general system all over and high blood pressure." Q. "Do you think it has any direct connection with his first injury in 1939?" A. "I don't think his present condition does."

The claimant's contention on appeal was that his attending physician testified in his behalf to the effect that it was his medical opinion that the claimant's pre-existing condition was aggravated by the violent injuries complained of, and that this testimony of the doctor was uncontradicted by any evidence, and that the board's

finding was thus contrary to law and the evidence in that it could not arbitrarily reject this uncontradicted testimony. We can not agree with this contention. It is true, as stated in *Lankford* v. *Holton,* 187 *Ga.* 94, 102 (200 S. E. 243), that direct and positive testimony which is given by an unimpeached witness as to the existence of a fact apparently within his own knowledge "which is not in itself incredible, impossible, or inherently improbable, and which is not contradicted directly or by proof of facts or circumstances that could be taken as incompatible with such testimony, can not be arbitrarily rejected by a jury or other trier of the facts." But it might also be noted that in connection with this rule Justice Jenkins in the *Lankford* case pointed out that such direct and positive testimony should be distinguished from testimony which was circumstantial, *opinionative,* or actually negative in character. Thus, the testimony to which the claimant in the instant case is attempting to apply the rule stated in the *Lankford* case is nothing more than opinionative testimony of physician against physician, and of course the rule would not apply. Our court has held that the question as to the weight and credit to be given to the opinion testimony of a physician witness in a workmen's compensation case is a matter to be determined by the Industrial Board. *Ocean Accident & Guaranty Cor.* v. *Land,* 64 *Ga. App.* 149 (12 S. E. 2d, 413), and cit.

Thus it appears that the testimony of the physicians was conflicting, but the evidence authorized the findings by the Industrial Board that the claimant had received only a slight laceration of the second and third fingers of his right hand, and that these injuries healed within a few days; and that his disability since the date of the injury was due to high blood pressure, arteriosclerosis, and a syphilitic condition, all of which antedated the injury and were not aggravated by it. The judge did not err in sustaining the finding of the Industrial Board.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*