29982. HARTFORD ACCIDENT & INDEMNITY Co. *et al. v.* ZACHERY.

SUTTON, J. 1. Under the workmen's compensation act an injury " 'arises out of' the employment, when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work, and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which can not fairly be traced to the employment as a contributing proximate cause, and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative

danger must be peculiar to the work. . . It must be incidental to the character of the business, and not independent of the relation of master and servant." *New Amsterdam Casualty Co.* v. *Sumrell,* 30 *Ga. App.* 682, 688 (118 S. E. 786); *Liberty Mutual Insurance Co.* v. *Neal,* 55 *Ga. App.* 790, 800 (191 S. E. 393).

2. An injury "caused by the wilful act of a third person directed against an employee for reasons personal to such employee" is not compensable under the workmen's compensation act. Code, § 114-102; *Lanier* v. *Brown,* 44 *Ga. App.* 831 (163 S. E. 263); *United States Fidelity & Casualty Co.* v. *Fried,* 64 *Ga. App.* 186 (12 S. E. 2d, 406).

3. The sole issue in the present case, as admitted by counsel for all parties, being whether or not the injury to the claimant arose out of his employment, and the evidence being such as to authorize the director hearing the claim to find, in substance, that the claimant, a dishwasher in a restaurant, arrived late at his place of employment on the day of his injury, and, instead of proceeding upon his duties, taunted a cook in the restaurant by stating, "I guess you will tell the boss," and upon being heard by his employer was told to go to work and stop the argument, and that shortly thereafter, while wiping and drying some knives, he renewed his taunts to the cook as to being a talebearer, whereupon the cook struck him upon the head with a cleaver and caused injury which resulted in total and permanent disability to the claimant, the director was further authorized to find from the evidence that the injury did not arise out of the employment of the claimant but as the result of a personal difficulty between him and the cook, in which the cook was provoked by the repeated accusations of the claimant that he was a talebearer, and not because the claimant was late for work or because of anything being done by him incidental to his employment. Accordingly, under the authorities cited above, the judge of the superior court, on appeal, erred in reversing the award of the board affirming the award of the director denying compensation to the claimant.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*

DECIDED MARCH 16, 1943. REHEARING DENIED MARCH 30, 1943.

*Matthews, Owens & Maddox,* for plaintiffs in error.
*Lamar Camp, Maddox & Griffin,* contra.