### 31112. CARROLL *v.* HARTFORD ACCIDENT & INDEMNITY COMPANY.

DECIDED MAY 7, 1946.

*E. E. Carter, Stonewall H. Dyer,* for plaintiff.

*T. Elton Drake,* for defendant.

MACINTYRE, J. " 'The opinion of an expert witness is not conclusive upon a jury. Such testimony is intended to aid them in coming to a correct conclusion upon the subject; but the jury is not bound by such opinion, and can disregard it. The jury may deal with such testimony as they see fit, giving credence to it or not.' *Manley* v. *State,* 166 *Ga.* 563, 566 (19) (144 S. E. 170); *Liberty Mutual Insurance Co.* v. *Williams,* 44 *Ga. App.* 452 (161 S. E. 853)." *Ocean Accident & Guaranty Corp.* v. *Lane,* 64 *Ga. App.* 149 (12 S. E. 2d, 413); *Rouse* v. *State,* 135 *Ga.* 227 (69 S. E. 180). "Where a diseased condition of an applicant for compensation, which existed at the time of the injury, is aggravated or caused to 'flare up' as a result of the injury, and produces a disability which otherwise might not have existed as a result of the injury, the incapacity is caused by the injury, and where the accident arises out of and in the course of the employment, compensation will not be denied upon the ground that the disability is a result of the disease." *Pruitt* v. *Ocean Accident &c. Corp.,* 48 *Ga. App.* 730 (3) (173 S. E. 238); Horovitz on Workmen's Compensation, p. 285. The workmen's compensation act does not provide for general insurance or for general accident insurance. It covers neither accidents sustained nor diseases contracted by an employee outside of his employment. *Lumbermen's Mutual Casualty Co.* v. *Griggs,* 190 *Ga.* 277, 289 (9 S. E. 2d, 84); Tweten *v.* North Dakota Workmen's Comp. Bureau, 69 N. D. 369 (287 N. W. 304).

Here the testimony of the physicians was conflicting. Dr. Rufus A. Askew testified on behalf of the employer and the insurance company. Dr. M. E. Copeloff testified on behalf of the

claimant. The medical opinion of Dr. Askew, after an examination of the claimant, was to the effect that whatever increased portion of the claimant's disability was caused by the accidental injury had ceased. Both Drs. Askew and Copeloff gave opinions which were diametrically in opposition; the expert opinion of Dr. Askew being that the aggravation had ceased, and the expert opinion · of Dr. Copeloff being that the aggravation had not ceased. Dr. Fincher and Dr. Goodwin, specialists, made examinations of the claimant and stated their opinions of those phases of the case which came within the range of the particular branches of the medical profession in which they specialized, and their expert opinions of those phases of the case supported the opinion of Dr. Askew. The claimant testified in his own behalf that he was still suffering much pain, was wearing a brace, and was unable to work. Thus it appears that the testimony was conflicting, but the evidence authorized a finding by the State board of workmen's compensation that the claimant had received only an aggravation of osteoarthritis; that since the date of such injury the aggravation had ceased; and that his present condition was not caused by the accident, as contended. *Thompson* v. *Atlanta,* 66 *Ga. App.* 255 (17 S. E. 2d, 761); *U. S. Casualty Co.* v. *Matthews,* 35 *Ga. App.* 526 (133 S. E. 875). The superior court did not err in denying the appeal of the claimant from the award of the State Board of Workmen's Compensation.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*