31941. HUGHES *v.* HARTFORD ACCIDENT & INDEMNITY Co. *et al.*

Decided March 18, 1948. Rehearing denied March 31, 1948.

788

*Hoyt H. Whelchel,* for plaintiff.

*Neely, Marshall & Greene,* for defendants.

SUTTON, C. J. (After stating the foregoing facts.) In order for an injury to be compensable under the provisions of the

Workmen's Compensation Law, it must have been occasioned "by accident arising out of and in the course of the employment." Code, § 114-102. An accident arises in the course of the employment, within the meaning of the act, "when it occurs within the period of the employment, at a place where the employee reasonably may be in the performance of his duties, and while he is fulfilling those duties or engaged in doing something incidental thereto. . . An accident arises 'out of' the employment when it arises because of it, as when the employment is a contributing, proximate cause. This and the conditions stated above must concur before the act can apply." *New Amsterdam Casualty Co. v. Sumrell,* 30 *Ga. App.* 682 (2a) (118 S. E. 786); *Ætna Casualty & Surety Co. v. Honea,* 71 *Ga. App.* 569, 571 (31 S. E. 2d, 421), and citations. And the burden is on the claimant to prove that the injury for which compensation is sought arose out of and in the course of the employment, before compensation can be legally awarded to the claimant.

The question presented for decision in this case is whether or not the injuries sustained by the claimant arose out of his employment, it being conceded by all parties concerned that said injuries arose in the course of his employment. Under the Workmen's Compensation Act an injury " 'arises out of' the employment, when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work, and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which can not fairly be traced to the employment as a contributing proximate cause, and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work. . . It must be incidental to the character of the business, and not independent of the relation of master and servant." *Hartford Accident & Indemnity Co. v. Zachery,* 69 *Ga. App.* 250 (1) (25 S. E. 2d, 135); *New Amsterdam Casualty Co. v. Sumrell,* 30 *Ga. App.* 682, 688 (118 S. E. 786); *Liberty Mutual Ins. Co. v. Neal,* 55 *Ga. App.* 790, 800 (191 S. E. 393).

The Director of the Board of Workmen's Compensation found from the evidence that the claimant's injuries did not result from an accident arising out of his employment, for the reason that the employment was not a contributing proximate cause of the shooting that caused such injuries. It is not clear from the record just what the claimant meant by the exclamation, "You are about to shoot the wrong man—I never done nothing to you or your family," which was uttered by the claimant to Norman Wright immediately before Wright shot him. According to the evidence, nothing else was said by either of them at that time. They were employed by Georgia Peanut Company, and both of them had been firing the boiler at the company's plant at different times, and both had been acting as watchman part of the time. It appears that, some two or three weeks before the shooting, Norman Wright had accused Will Hughes of trying to take or beat him out of his job, which was denied by Hughes. The director stated in his findings of fact that the evidence does not disclose why Norman Wright shot Will Hughes, but from the evidence adduced, it is more reasonable to assume that the assault was committed on Hughes for personal reasons, rather than that the claimant's employment was a contributing proximate cause of such assault. An injury "caused by the wilful act of a third person directed against an employee for reasons personal to such employee" is not compensable under the Workmen's Compensation Act. Code § 114-102; *Lanier* v. *Brown Bros.*, 44 *Ga. App.* 831 (163 S. E. 263); *United States Fidelity & Guaranty Co.* v. *Fried*, 64 *Ga. App.* 186 (12 S. E. 2d, 406); *Hartford Accident & Indemnity Co.* v. *Zachery*, 69 *Ga. App.* 250, 251 (25 S. E. 2d, 135).

In *Hightower* v. *United States Casualty Co.*, 30 *Ga. App.* 123 (117 S. E. 98), a negro automobile driver in the employ of one of the customers of Holley Wagon Works was at the place of business of the wagon works to receive an automobile wheel which had been left there for repairs, and a dispute arose between B. T. Hightower, superintendent of the Wagon Works, and the negro over the delivery of part of the wheel. The two men quarreled and had some difficulty, and the negro left and returned several hours later, and, without saying anything, shot Mr. Hightower to death. Compensation was denied to the widow of the deceased by the board, and the award was affirmed by this court,

which held that Hightower met his death, not because of his employment but as the result of the wilful act of a third person, directed against him for reasons personal to the employee, and that the same fell squarely within the exception in the act now contained in Code § 114-102. We think that this principle is applicable under the facts of the present case. Also, see *Kimbro v. Black & White Cab Co.*, 50 *Ga. App.* 143 (177 S. E. 274); *Hartford Accident & Indemnity Co. v. Zachery*, 69 *Ga. App.* 250 (25 S. E. 2d, 135), supra.

The present case is different on its facts from *Pinkerton National Detective Agency v. Walker*, 30 *Ga. App.* 91 (117 S. E. 281), same case 157 *Ga.* 548 (122 S. E. 202, 35 A. L. R. 557), cited and relied on by the plaintiff in error. The death of Walker in that case clearly arose out of and in the course of his employment, as will appear from an examination of the decisions of this court and the Supreme Court in that case.

After considering all the facts and circumstances of this case, the director found that the claimant had failed to carry the burdent of proof of showing that his injuries arose out of his employment. Findings of fact made by the board within its power are, in the absence of fraud, conclusive, if supported by any competent evidence (Code § 114-710), and are binding on the courts. "In such a case, not only may an issue of fact arise from contradictory evidence, but contrary implications consistent with the testimony may arise from the proved facts; and in still other ways the question of what is the truth may remain an issue of fact despite uncontradicted evidence in regard thereto." *Liberty Mutual Ins. Co. v. Blackshear*, 197 *Ga.* 334, 336 (28 S. E. 2d, 860); *Cooper v. Lumbermen's Mutual Casualty Co.*, 179 *Ga.* 256, 261 (175 S. E. 577); *Employers Liability Assurance Corp. v. Woodward*, 53 *Ga. App.* 778 (3) (187 S. E. 142); *Merry Brothers Brick & Tile Co. v. Holmes*, 57 *Ga. App.* 281, 284 (195 S. E. 223).

This court, in reviewing an award made by the full board denying compensation to the claimant, must accept that evidence most favorable to the employer, and, if there is any competent evidence to authorize the award, it must be affirmed. *Merry Brothers Brick & Tile Co. v. Holmes*, supra; *Glens Falls Indemnity Co. v. Sockwell*, 58 *Ga. App.* 111 (197 S. E. 647).

We are of the opinion and so hold that the judge of the superior court did not err in affirming the award of the Board of Workmen's Compensation denying compensation in this case.

We have carefully considered the authorities cited by counsel for the plaintiff in error, and do not think that they authorize or require a different ruling from the one herein made.

*Judgment affirmed. Felton and Parker, JJ., concur.*