36878. UNITED STATES FIDELITY & GUARANTY COMPANY *et al. v.* DOYLE.

DECIDED NOVEMBER 21, 1957—REHEARING DENIED DECEMBER 6, 1957.

746

*M. D. McLendon, Bryan, Carter, Ansley & Smith,* for plaintiffs in error.

*Herbert A. Ringel, Smith, Field, Doremus & Ringel, Charles L. Drew,* contra.

NICHOLS, J. 1. The record in the present case consists of over 400 pages, the vast majority of which is a transcript of the evidence adduced on the hearing and depositions introduced in evidence by the parties, and it would indeed serve no useful purpose to quote this voluminous evidence here. There is no contention by the employer and insurer that the amount of the award was erroneous if in fact any award for the claimant was authorized, and there is no real contention that the evidence did not support a finding that the deceased did suffer "an injury arising' out of and in the course of his employment on October 20, 1955." The real contention is that the deceased did not die as a result of the injury occasioned on October 20, 1955, but that he died as the result of a "heart attack" which occurred sometime within 12 hours prior to his death on October 25, 1955, and that such "heart attack" had nothing to do with the incident of October 20, 1955.

Dr. Edgar D. Shanks, Jr., the personal physician of the deceased, testified that the death of the deceased on October 25, 1955, *was* precipitated by the event on October 20, 1955. Dr. Jeff L. Richardson testified that there was no connection between the event on October 20, 1955, and the death on October 25, 1955. Dr. James Francis Olley, a pathologist, testified that he performed an autopsy on the deceased, and that the event of October 20, 1955, did not precipitate the "heart attack" which caused the death of the deceased on October 25, 1955, and that the "heart attack" which caused his death began within 12 hours of his death.

The contention is made that the direct and positive testimony of Dr. Olley cannot be arbitrarily rejected since he was the pathologist who performed the autopsy on the body of the deceased and was in the best position to *know* the "cause of death." "While direct and positive testimony cannot arbitrarily be rejected by a jury or other trier of facts, this rule does not apply to the opinion evidence of physicians or other experts. See, in this connection, *Thompson* v. *Atlanta,* 66 *Ga. App.* 255 (17 S. E. 2d 761) holding that, 'Our court has held that the question as to the weight and credit to be given to the opinion testimony of a physician witness in a workmen's compensation case is a matter to be determined by the Industrial Board. *Ocean Acci-*

*dent & Guaranty Corp.* v. *Land,* 64 *Ga. App.* 149 (12 S. E. 2d 413).'" *Maddox* v. *Buice Transfer & Storage Co.,* 81 *Ga. App.* 503, 506 (59 S. E. 2d 329).

Accordingly, it was a question for the board's determination as to whether it would accept the testimony of Dr. Shanks, which authorized the award for the claimant or the testimony of Drs. Richardson and Olley which would have authorized an award denying compensation.

2. A part of the testimony of Dr. Shanks was based on a hypothetical question propounded to him by the claimant's attorney which the employer and insurer contend was not supported by competent evidence.

Although there was some difference in the hypothetical question propounded to this witness and the facts adduced by competent evidence, this difference was not so material as to nullify the witness' testimony. This witness was the personal physician of the deceased and had treated him for a previous "heart attack" some 6 months before the event took place on the scaffold, and had had the deceased under his care during the interval between October 20, 1955, and his death on October 25, 1955. This witness, besides answering the hypothetical question, testified from facts within his own knowledge that it was his opinion, as the personal physician of the deceased, that the event on the scaffold precipitated the "heart attack" which caused Doyle's death. Therefore, whether there was some slight difference between the facts proved by competent evidence and the hypothetical question propounded to this witness or not, no question is presented which would require a reversal of the award made by the board. Especially is this true where, as here, the witness was examined on a protracted cross-examination, and testified from competent evidence to the same effect. See in this connection, *Liberty Mutual Ins. Co.* v. *Meeks,* 81 *Ga. App.* 800 (2) (60 S. E. 2d 258).

3. The "findings of fact" made by the deputy director and adopted by the full board in this case were not so defective as to render them a nullity as were the "findings of fact" in *Atlanta Transit System, Inc.* v. *Harcourt,* 94 *Ga. App.* 503 (95 S. E. 2d 41).

4. The employer and insurer contend that the hearing director erred in ruling that certain testimony of the witness Sam Hodges,

(the fellow worker who was on the scaffold with the deceased on October 20, 1955), was admissible over their written objections.

The majority of the testimony which was objected to dealt with whether or not the deceased was "knocked down" when the scaffold on which he was standing swung out from the wall and whether he, the witness, or the deceased, was "frightened" by this episode. This witness testified elsewhere in his deposition that he did not see the deceased "struck" by the angle iron which they were putting in place, nor did he see him "falling" to the floor of the scaffold, but that when he first looked at the deceased "after" the scaffold swung out and "after" his hand was pinned against the wall, the deceased was on his hands and knees getting up.

While some of the evidence objected to may have been conclusions of the witness, in view of the fact that the hearing was before a commission who decided both the law and the facts, and in view of the finding of fact that the deceased either was "knocked down or fell down on the scaffold," the judgment will not be disturbed. " 'The Board of Workmen's Compensation or a single director thereof sits as a court, judging both the law and the facts, rather than as a jury. A jury considers all the evidence in the record. It is incumbent upon the party objecting to such evidence to have it ruled out in order to avoid its consideration. On the other hand, the Board of Workmen's Compensation or a director thereof in the capacity of a court sifts out inadmissible evidence and considers only that which is admissible under the rules of evidence, whether actually ruled out or not.' *Liberty Mutual Ins. Co.* v. *Meeks*, 81 *Ga. App.* 800 (2), 805 (60 S. E. 2d 258)." *Atlanta Newspapers, Inc.* v. *Clements*, 88 *Ga. App.* 648, 650 (76 S. E. 2d 830).

The award does not show that it was based on any evidence which should not have been considered, and where, as here, the award was based on some evidence, although such award may not have been demanded, neither the superior court nor this court is authorized to disturb it. *Smith* v. *United States Fidelity &c. Co.*, 94 *Ga. App.* 507 (95 S. E. 2d 35). Accordingly, the judgment of the superior court affirming the award of the full board must be affirmed.

*Judgment affirmed. Quillian, J., concurs. Felton, C. J., concurs in the judgment.*