37339.   COOK *v.* CARR.

DECIDED SEPTEMBER 23, 1958—REHEARING DENIED
OCTOBER 8, 1958.

*Dickens & Dickens, G. L. Dickens, Jr., Weldon C. Boyd,* for plaintiff in error.

*Lewis & Rozier, Randall Evans, Jr.,* contra.

GARDNER, Presiding Judge.   1.   The pleadings in this case are

extremely lengthy. There were six amendments to the petition, three of which were withdrawn. There were many demurrers. We will first pass upon the demurrers to the petition as amended. After studying this case carefully we are of the opinion that the court did not err in overruling any of the demurrers or in any ruling concerning the demurrers. We feel that these pleadings are entirely too lengthy to warrant being reiterated in the Georgia Appeals Reports.

2. The evidence covers 175 pages of typewritten material, much of which is repetitious. Suffice it to say that we have read all of it and find that it is amply sufficient to warrant the verdict of the jury.

3. Special ground 1 assigns error on an unfinished sentence in answer to a question by a State trooper. The sentence as it appears in its unfinished state is certainly not objectionable and the court was correct in asking the jury to disregard it completely, erase it from their minds, and give it no consideration whatsoever in reaching a verdict.

4. Special ground 2 assigns error because the court charged in regard to opinion testimony. In view of this record it was correct for the court to charge on opinion testimony and expert testimony. See *Boyd* v. *State,* 207 *Ga.* 567, 569 (63 S. E. 2d 394) ; *Ocean Accident &c. Corp.* v. *Lane,* 64 *Ga. App.* 149 (1) (12 S. E. 2d 413) and *Carroll* v. *Hartford Accident &c. Co.,* 73 *Ga. App.* 799, 802 (38 S. E. 2d 185). This special ground is not meritorious.

5. Special ground 3 assigns error because it is alleged that the court erred in charging the jury on the meaning of the word "negligence." We can not see how the jury could have been confused or how the defendant could have been prejudiced by this necessary charge of the court. This special ground is without merit.

6. Special grounds 4 and 7 assign error because it is alleged that the court erred in charging the jury in language which did not make it clear that the negligence of the plaintiff's wife was imputable to the plaintiff. The court referred to negligence which was charged to the wife of the plaintiff in each of these two grounds. Inasmuch as there was evidence regarding this point, the court could not have misled the jury by this excerpt from the charge. This special ground is not meritorious.

7. Special ground 5 charges that the court erred in failing to charge that if the plaintiff's wife was guilty of an act or acts of negligence that such negligence was imputable to the plaintiff. For the same reason given regarding special grounds 4 and 7 this special ground is not meritorious.

8. Special ground 5 alleges that the court erred in charging the jury that the plaintiff, as well as the defendant, crossed the center line of the highway. It seems that this point is covered substantially elsewhere in the charge, and in view of the whole charge, which this court must consider in passing upon excerpts from a charge, this contention is not meritorious.

9. Special ground 6 assigns error because it is alleged that the court erred in charging on reducing the gross amount of loss for future services to the present cash value. It will be noted from reading the excerpt that the court properly left the matter of the recoverable damages in the hands of the jury. Therefore, this special ground is not meritorious.

10. Special grounds 8, 9, and 18 deal with the charge of the court which relates to negligence constituting the proximate cause of the collision of which complaint is made. The court's charge as a whole removed any objections which counsel has made, and no error is shown in these three special grounds.

11. Special ground 10 complains because the court charged that if the jury should "believe from the evidence" certain matters, then they should find for the plaintiff. This point is ruled adversely to the contentions of the defendant in *Jones* v. *Knightstown Body Co.*, 52 *Ga. App.* 667 (184 S. E. 427). This ground is not meritorious.

12. Special ground 11 assigns error because it is alleged that the court erred in charging the jury as follows: "I charge you that the present worth of a given sum is arrived at by dividing a given sum by one dollar plus the legal rate of interest, 7% per annum, for the given time." Counsel for the defendant cites, in support of the contentions for reversal, *Savannah & Atlanta Ry. Co.* v. *Newsome*, 90 *Ga. App.* 390, 396 (83 S. E. 2d 80). It seems that the court did say, in that case, that such charge was error and stated: "We think that the charge is confusing, even though an identical charge was held to be harmless in *Standard*

*Oil Co.* v. *Reagan,* 15 *Ga. App.* 571, 591 (5) (84 S. S. 69), and a similar charge was held not to be error in *Williams* v. *McCranie,* 27 *Ga. App.* 693, 694 (4) (109 S. E. 699)." We are constrained to rely on the two older decisions which are mentioned in the ground immediately hereinabove. This special ground is not meritorious.

13. Special grounds 12 and 13 are so interrelated to special ground 5 that no other comment is necessary regarding these grounds except to say that they are not meritorious.

14. Special grounds 16 and 17 allege that the court erred in charging that if the alleged negligence of the defendant was the proximate cause of the plaintiff's injuries, the plaintiff would be entitled to recover and that said charge disregarded the affirmative defenses of the defendant. It will be noted from a reading of the whole charge that the court covered the possible affirmative defense of the defendant and seemingly did not omit to charge any appropriate law of the case. These special grounds are not meritorious.

15. We come next to consider special ground 14 which refers to the alleged excessiveness of the verdict. In view of the whole record of this case and particularly in view of the preponderance of the evidence in favor of the jury's verdict for the plaintiff we are constrained to hold that the verdict is not excessive. This ground is not meritorious.

*Judgment affirmed. Carlisle, J., concurs. Townsend, J., concurs in the judgment.*