37722. PEACOCK *v.* MANUFACTURER'S CASUALTY INSURANCE COMPANY *et al.*

DECIDED SEPTEMBER 8, 1959—REHEARING DENIED OCTOBER 8, 1959.

*Ward, Brooks, Parker & Daniel, William W. Daniel,* for plaintiff in error.

*Harry E. Monroe,* contra.

NICHOLS, Judge. In the present case Dr. Ben R. Thebaut, the physician who performed corrective surgery on the claimant, testified in part that the final post-operative visit of the claimant was on December 5, 1956, and that in his opinion the claimant was able to resume his usual occupation or trade at that time. This evidence authorized the finding that the claimant was able to return to work of December 5, 1956, the date when compensation was stopped.

"The Supreme Court has definitely settled the question that where there is competent evidence to support a particular finding of fact, though the compensation board predicates its finding upon an erroneous theory, the award will not be set aside. *American Mutual Liability Ins. Co.* v. *Sisson,* 198 *Ga.* 623 (32 S. E. 2d 295)." *Skinner Poultry Co.* v. *Mapp,* 98 *Ga. App.* 772, 774 (106 S. E. 2d 825). " 'While direct and positive testimony cannot arbitrarily be rejected by a jury or other trier of facts, this rule does not apply to the opinion evidence of physicians or other experts. See, in this connection, *Thompson* v. *Atlanta,* 66 *Ga. App.* 255 (17 S. E. 2d 761) holding that, "Our court has held that the question as to the weight and credit to be given to the opinion testimony of a physician witness in a workmen's compensation case is a matter to be determined by the Industrial Board. *Ocean Accident & Guaranty Corp.* v. *Land,* 64 *Ga. App.* 149 (12 S. E. 2d 413)." ' *Maddox* v. *Buice Transfer & Storage Co.,* 81 *Ga. App.* 503, 506 (59 S. E. 2d 329)." *U. S. Fidelity & Guaranty Co.* v. *Doyle,* 96 *Ga. App.* 745, 747 (101 S. E. 2d 600). Therefore the board was authorized to accept the testimony of Dr. Ben R. Thebaut and reject the testimony of other physicians who were of the opinion that the claimant was disabled to some extent as the result of the hernia as late as April 22, 1958.

Accordingly, the evidence authorized the finding that the claimant was not, after December 5, 1956, incapacitated as the result of any aggravation of the pre-existing hernia, and the award

348

stopping compensation after such date was properly affirmed by the Superior Court of Fulton County.

*Judgment affirmed. Quillian, J., concurs. Felton, C. J., concurs in the judgment.*