## 38892. CALLAWAY MILLS COMPANY v. HURLEY.

DECIDED SEPTEMBER 28, 1961—REHEARING DENIED
NOVEMBER 2 AND NOVEMBER 20, 1961.

*B. J. Mayer*, for plaintiff in error.

*Richter & Birdsong*, contra.

FRANKUM, Judge. ■ This is the second appearance of this case in this court. In the first appearance (*Callaway Mills Co. v. Hurley*, 100 Ga. App. 781, 112 SE2d 320), this court held that the evidence introduced before the State Board of Workmen's Compensation was insufficient to carry the burden of proof for the claimant, and this court directed that the case be remanded to the State Board of Workmen's Compensation with leave to the claimant to present additional evidence. Thereafter, upon a hearing before the Workmen's Compensation Board, two physicians were sworn as witnesses for the claimant. In the course of their testimony certain hypothetical questions were propounded to each of them relative to whether or not, in his opinion, exertion by the deceased while in the performance of his work as an employee would have caused his fatal heart attack. The board found, as a matter of fact, that the hypothetical questions assumed certain facts which were not supported by the evidence, and, that the questions did not "touch upon the issue" as to whether the employee's death resulted from an accidental injury arising out of and in the course of his employment. Consequently, it was found that "there has been no new evidence introduced tending to prove that the activity and attendant exertion of the deceased had any causal connection with his death." In a decision by the board, compensation was denied.

The weight and credit to be given to opinion testimony of expert witnesses were matters purely for the determination of the fact finding body—in this case, the Workmen's Compensation Board. *Peacock v. Manufacturer's Cas. Ins. Co.*, 100 Ga. App. 346 (111 SE2d 111); *Wiley v. Aetna Cas. &c. Co.*, 98 Ga. App. 241 (105 SE2d 377); *U. S. Fidelity &c. Co. v. Doyle*, 96 Ga.

App. 745 (101 SE2d 600); *Maddox v. Buice Transfer &c. Co.,* 81 Ga. App. 503 (59 SE2d 329); *Ocean Acc. &c. Corp. v. Lane,* 64 Ga. App. 149 (12 SE2d 413). But the board cannot ignore or arbitrarily reject unimpeached medical testimony. *Cook v. Ga. Dept. of Revenue,* 100 Ga. App. 172 (110 SE2d 552); *Crawford W. Long Hosp. v. Mitchell,* 100 Ga. App. 276 (111 SE2d 120).

Two physicians testified at the second hearing. Each was asked hypothetical questions which assumed certain facts. One of these facts, in all of the several hypothetical questions but one, was that the deceased on the night before the date of his death had suffered severe pain in his chest and pain radiating down his arm and was unable to sleep because of such pain. In response to the hypothetical questions, each of the medical witnesses gave opinion testimony that the deceased had suffered a myocardial infarction on May 11, whereby the deceased's activity and attendant exertion at work on May 12 had a causal connection with the deceased's death.

The physician's testimony following the hypothetical question which did not assume the above fact shows that his opinion was based upon the assumption that the deceased had suffered severe pain in his chest and right arm on the night before his death. And the board was authorized to so conclude. See *Liberty Mut. Ins. Co. v. Meeks,* 81 Ga. App. 800 (2) (60 SE2d 258), and *Davis v. Atlantic Steel Corp.,* 91 Ga. App. 102 (4) (84 SE2d 839).

The board found that there was not sufficient evidence in the record to show that the deceased had suffered severe pain on May 11, the night before his death. The board was authorized to make this finding. Although the deceased's wife testified that he suffered some discomfort on the night preceding his death, the evidence is insufficient to require a conclusion that he suffered severe pain or any extraordinary pain on the night of May 11, 1958. As found by the board: "The only evidence touching this point was given by Mrs. Hurley, who testified that he [deceased] had some complaint of pain in his chest and arms on the night of May 11, but the inference was that it was no more than he previously experienced." The medical testimony for the

claimant hinged upon the fact that the deceased had suffered a myocardial infarction on the night before his death, and that his work and attendant exertion the next night caused him to suffer a fatal heart attack. Dr. Cowart, one of the physicians, testified that his opinion that the deceased suffered a myocardial infarction on May 11 was based on the fact that he had read the testimony of the deceased's wife at the first hearing, which gave him a history of the deceased. He further testified that this opinion was based on the assumption that the deceased suffered severe pain on the night before he died, which indicated a myocardial infarction.

While the answers to the hypothetical questions were admitted in evidence, the board, as a fact-finding body, was authorized to find that some of the facts on which the questions were based did not exist. In so doing the board was determining the weight and credit to be given to the evidence before it, which is within the board's province as a fact-finding body. *Metropolitan Life Ins. Co. v. Saul*, 189 Ga. 1, 7 (5 SE2d 214); *Allen v. Allen*, 71 Ga. App. 272 (3) (30 SE2d 665). See *Peacock v. Manufacturer's Cas. Ins. Co.*, 100 Ga. App. 346, supra; *Wiley v. Aetna Cas. &c. Co.*, 98 Ga. App. 241, supra. It is clear that the two physicians who testified in the case based their opinions on the assumption that the deceased suffered severe pain during the night preceding his death, and that this assumption served as a basis for their opinions that the deceased suffered a myocardial infarction on the night before his death. This assumption also served as a basis of their opinions that the work and attendant exertion by the deceased at his job was a causal factor in producing the fatal heart attack suffered by the deceased. Therefore, when the board found that there was not sufficient evidence to show that the deceased suffered severe pain in his chest on the night preceding his death, it was within the province of the board, as a fact-finding body, to give no weight to such medical testimony and find, as a matter of fact, that no new evidence was presented at the second hearing which would show a compensable injury. Under the above authorities the superior court erred in reversing the award of the State Board of Workmen's Compensation.

■ When this case was on appeal before the superior court for the second time (that is, after the case was reversed with direction that it be remanded to the State Board of Workmen's Compensation with leave to the plaintiff to offer further testimony), the superior court reversed the award of the board and entered an order making the findings of fact and award of the deputy director, who first heard the case and whose award was reviewed and reversed in *Callaway Mills Co. v. Hurley*, 100 Ga. App. 781, supra, the judgment of the court. This was error. On review of an award by the Workmen's Compensation Board, the superior court can only reverse the award for one of the reasons provided by law. *Code* § 114-710. The award in the first hearing was reversed and set aside. That award is a matter of history, and it was not before the superior court on the appeal from the second award of the Workmen's Compensation Board. On an appeal from an award of the State Board of Workmen's Compensation to the superior court, the superior court is not vested with any fact-finding power. *Pacific Employers Ins. Co. v. West*, 213 Ga. 296 (99 SE2d 89); *General Acc. Fire &c. Corp. v. Titus*, 104 Ga. App. 85, supra. The judgment of the superior court amounted to making findings of fact in lieu of those found by the board. Accordingly, the judgment of the superior court is reversed.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*