40962.   COMMERCIAL CONSTRUCTION COMPANY et al.
v. CALDWELL.

DECIDED JANUARY 11, 1965.

*Smith, Ringel, Martin, Ansley & Carr, Charles L. Drew,* for plaintiffs in error.

*Quillian & Quillian, Kelley Quillian, Charles H. Hyatt,* contra.

FELTON, Chief Judge. This is a workmen's compensation case in which Welburn J. Caldwell seeks compensation for the loss of his right leg which occurred under the following circumstances. Claimant was working as a carpenter for a contractor on a construction project in a shopping center. He had been installing ceiling over "a couple of little small rooms," toilets or bathrooms, inside one of the stores in the shopping center. One Kensey, a plumber, who was not a fellow employee of claimant but was working for another contractor, came into the room after plaintiff had been working there about two hours, apparently to perform the work in connection with installing plumbing in the rooms. According to the claimant's testimony Kensey was

"cussing and fussing" about the working conditions and about the claimant being in his way, and he made some comment to the claimant to the effect that one or the other of them would have to go home as there was not room enough for both of them to work. The claimant, in an effort to avoid conflict with Kensey, moved his sawhorses out of the room and into another room and continued to work for two or three hours longer, until about lunch time. In the meantime Kensey had proceeded with his work while continually muttering and cursing about claimant and others in the room being in his way. Just prior to lunch claimant informed Kensey that he worked where his foreman told him to work and that no one else could tell him where or when to work. At this point Kensey picked up a hammer and swung it at the claimant who fended off the blow with his own hammer. A fight ensued between claimant and Kensey in which claimant bested Kensey in about one minute, after which Kensey stated that he had enough. Thereafter, claimant went to the outside of the building to eat his lunch, and while he was sitting on the outside Kensey came out, and as he passed the claimant he remarked to the claimant that he might as well have killed him because he was going to have to to live. Kensey left the scene, and thereafter claimant was sent by his foreman to work in another store under construction in the same shopping center, but some distance away. At about two o'clock in the afternoon Kensey drove up in an automobile in front of the store where claimant was working, reached into the back seat and withdrew a shotgun. Approaching the claimant Kensey asked him if he was a married man and if he had kissed his wife and children before he left home. To both of these questions claimant replied in the affirmative. Kensey then proceeded to shoot claimant in the right leg, inflicting injuries resulting in the loss of the leg.

The deputy director made an award finding that claimant was not an aggressor in the fight which took place before lunch, and that the claimant suffered an accident and injury which arose out of and in the course of his employment. The deputy director therefore made an award for total loss of use of claimant's right leg and medical expenses. The award of the deputy director was adopted as the award by the full board, and on appeal

to the superior court that award was affirmed. It was conceded on the trial of the case that the claimant was in the employ of the defendant Commercial Construction Company; that his earnings were $100 per week; and that he suffered an injury while in the course of such employment from which he lost his right leg.

It is conceded in this case that the claimant suffered an accidental injury while in the course of his employment with Commercial Construction Company. No question is raised by the employer or its insurance carrier respecting the nature and extent of the injury and loss suffered by the claimant. The sole issue presented is whether the accident which resulted in the claimant's injury arose out of his employment. Under the facts found and authorized by the record we think that an award of compensation to the claimant was authorized under the rulings of this court in *Scott v. Travelers Ins. Co.*, 49 Ga. App. 157 (174 SE 629) and *Pinkerton Nat. Detective Agency v. Walker*, 157 Ga. 548 (122 SE 202). We are of the opinion that the underlined expression in *Code Ann.* § 114-102, to wit: "nor shall 'injury' and 'personal injury' include injury caused by the wilful act of a third person directed against an *employee for reasons personal to such employee,*" was not intended to exclude compensation where the animosity of an assailant, which results in injury to an employee, begins while the employee is on the job for his employer *under circumstances where the employee does nothing to justify the animosity at the time and does nothing subsequently to provoke its continuance or aggravate it.* We do not think that the fact that the shooting took place off the scene of the original cause of the animosity on the part of the third person but at another place where the employee was working makes any difference. If the chain of events leads back to the employee's employment and the state of mind of the assailant, the fact that the assault happens at a different time, not too remote and a different place, cuts no figure since the other necessary factors are present. At the time of the decision of *Hightower v. U. S. Cas. Co.*, 30 Ga. App. 123 (117 SE 98), *Code Ann.* § 114-102 included the words at the end of the section: *"or because of his employment."* (Emphasis added.) Further-

more, in the *Hightower* case the evidence authorized the finding that Mr. Hightower's *beating* of the assailant was disproportionate to the provocation of the assailant's statement that whoever said he removed the bolts from the wheel was a liar.

The court did not err in affirming the award granting compensation.

*Judgment affirmed. Nichols, P. J., Jordan, Hall and Russell, JJ., concur. Bell, P. J., Frankum, Eberhardt and Pannell, JJ., dissent.*

FRANKUM, Judge, dissenting. To my mind the judgment of the majority in this case carries to its ultimate limits the positional risk theory in determining compensability; it places undue emphasis on that facet of the Workmen's Compensation Act relating to an injury arising in the course of the employment, and virtually ignores the additional requirement that the injury must also arise out of the employment before it is compensable. There must be some causal connection between the employment and the injury. The mere fact that an employee is injured while on the job is not enough. "An accident arises 'out of' the employment when it arises because of it, as when the employment is a contributing proximate cause." *New Amsterdam Cas. Co. v. Sumrell,* 30 Ga. App. 682 (2a) (118 SE 786). "And the burden is on the claimant to prove that the injury for which compensation is sought arose out of and in the course of the employment, before compensation can be legally awarded to the claimant." *Hughes v. Hartford Acc. &c. Co.,* 76 Ga. App. 785, 789 (47 SE2d 143). As was said in *Hartford Acc. & Ind. Co. v. Zachery,* 69 Ga. App. 250 (1) (25 SE2d 135): "Under the Workmen's Compensation Act an injury ' "arises out of" the employment, when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work, and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises "out of" the employment. But it excludes an injury which can not

fairly be traced to the employment as a contributing proximate cause, and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work. . . It must be incidental to the character of the business, and not independent of the relation of master and servant.' *New Amsterdam Casualty Co. v. Sumrell,* 30 Ga. App. 682, 688 (118 SE 786); *Liberty Mutual Insurance Co. v. Neal,* 55 Ga. App. 790, 800 (191 SE 393)."

Applying this test to the facts in this case I think that the evidence here demanded a finding that the claimant's injury arose, not out of his employment, but as the result of a personal feud and conflict between him and Kensey. It is true that in a manner of speaking the conflict had its inception in a dispute over working conditions. But that dispute had ended, and the claimant's injury was caused directly and proximately by the malice harbored in Kensey's breast toward the claimant personally because of the defeat which the claimant had inflicted upon him in the combat. While the Workmen's Compensation Act makes the employer an insurer of the employee's safety with respect to injuries arising out of the employment while the employee is in the course of his employment, it does not make the employer an absolute insurer of the employee's safety in all events. *Carroll v. Hartford Acc. & Ind. Co.,* 73 Ga. App. 799, 802 (38 SE2d 185). In my opinion, the facts of this case are indistinguishable from the cases of *Hightower v. U. S. Cas. Co.,* 30 Ga. App. 123 (117 SE 98), and *Hughes v. Hartford Acc. &c. Co.,* 76 Ga. App. 785, supra. I recognize, of course, that in those cases the decisions were predicated upon the proposition that the finding by the board was authorized by the evidence. I cannot, of course, speculate as to what the ruling of the court would have been in those cases had the finding by the board been contrary to what it was, but in this case I am satisfied that the evidence was not sufficient to authorize the finding made, and in fact demanded a finding that the claimant's injury did not arise out of his employment.

I am of the opinion that this case falls squarely within the exclusion contained in *Code Ann.* § 114-102 which bars compen-

6

sation for an injury caused by the wilful act of a third person directed against an employee for reasons personal to such employee.

For these reasons I must dissent from the ruling and judgment of the majority. I am authorized to say that Bell, P. J., Eberhardt and Pannell, JJ., concur in this dissent.