■ In the Matter of the Claim of FANNIE MUSCOTT, Respondent, against JANICE STORES CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and insurance carrier from the decisions of the Workmen's Compensation Board. On October 22, 1954, Nathan Heyer was president and Herman Muscott vice-president and secretary of the employer Janice Stores Corporation. They were also brothers-in-

law. The corporation was organized by them years before, Heyer financing the business and Muscott being familiar with "ladies ready-to-wear" business. The venture was a great success but about 1949 differences developed between the two principals which became more intensified with the passing years, at times each seeking to gain control of what they believed was "their business". The hostility and animosity became so bitter that for 10 months prior to the tragedy Heyer remained away from "his prime interest in life". On October 5, 1954, Saul Heyer, the son of Nathan Heyer, was discharged from the military service and had expected, as had his father, that he would be employed by the company. About the middle of the month he went to one of the stores of the employer but Mr. Muscott refused to put him on the payroll which Saul in turn related to his father. There was also testimony that for some months Muscott had stopped sending checks to Nathan Heyer, president of the corporation. On October 22, 1954, Nathan Heyer went to their joint office at the place of business of the employer where he found Muscott. An argument ensued and some shots were heard. The door to the office was locked and upon breaking it open, both men were found dead from bullet wounds. The evidence unequivocally demonstrated that Heyer had shot and killed Muscott and thereafter shot and killed himself. The appellants contend that the tragedy involved a personal rather than a business relationship and submitted as proof thereof three notes left by Heyer. The first note addressed to the police department refers in part to a declaration that Muscott killed Heyer's brother and is now trying to do the same thing to his dear ones. The second note addressed to his brother-in-law refers in part to his belief that his family will be better off away from that beast (Muscott) and that he, Heyer, was willing to die for them so that his dear ones could live in peace. The third note was addressed to his wife and states in part "I am doing this for my family. I cannot take this any longer. It is driving me crazy. I am doing this for my family so that they could live in peace." The board found as a matter of fact that Muscott's death had been caused as a result of his employment and made an award to the widow under the Workmen's Compensation Law. This case is distinguishable from *Matter of Ramos* v. *Taxi Tr. Co.* (276 App. Div. 101, affd. 301 N. Y. 749) a so-called "street risk" case in which it was held that death resulted "in the course of" but not "out of" employment. Here the situation is entirely different where the incident happened on the premises of the employer between employees involving and concerning a business relationship. (*Matter of Levy* v. *World-Tel. Corp.*, 285 N. Y. 533; *Matter of Heimroth* v. *Elk Transp. Co.*, 288 N. Y. 716; *Matter of Cutie* v. *Doge Co.*, 1 A D 2d 857, affd. 1 N. Y. 642.) Award affirmed, with costs to the Workmen's Compensation Board. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.