### 45021. MEDLEY v. HARTFORD ACCIDENT & INDEMNITY COMPANY et al.

EVANS, Judge. This is a workmen's compensation case arising out of a hearing by the board of an alleged change of condition in that the claimant now has less than 100% disability caused by the injury of his two thumbs. The employer sought to have determined the extent of permanent disability under *Code Ann.* § 114-406 (Ga. L. 1955, pp. 210, 212; 1958, p. 360; 1963, pp. 141, 147). The single director, hearing the matter, made a finding of fact that total disability had ceased on a named date and rated the disability in accordance with the testimony of one of the medical experts in the record, and made an award accordingly. Another medical expert who saw him only one time testified by deposition as to his injuries but differed from the orthopedist, "who treated claimant, and is in a better position to evaluate his condition." (The reasoning of the hearing deputy). On appeal to the full board, it affirmed the findings of the deputy director, and on appeal to the superior court, it refused to "review the process of reasoning by which the award was determined," holding the award was supported by evidence. The contention of error in this judgment is based generally on the failure to follow the evidence and because the decision of the board refused to consider the findings of an expert, and the rating was based solely upon the testimony of another medical expert. *Held:*

1. While as held in *Cook v. Ga. Dept. of Revenue*, 100 Ga.

App. 172 (110 SE2d 552), and *American Cas. Co. v. Wilson,* 99 Ga. App. 219, 221 (108 SE2d 137), it is well settled that the board cannot arbitrarily reject evidence but must follow the rules of evidence and consider all competent evidence submitted, the testimony of a medical expert was not rejected in this instance, but the deputy director, the board and the court all determined a finding of disability as found by both medical witnesses and the lay witness, merely agreeing to the finding of the rated disability of one expert based on the observation that he had better opportunity to observe the employee's condition than the other. It cannot be said that in this instance the testimony of the witness was arbitrarily rejected. *Liberty Mut. Ins. Co. v. Williams,* 44 Ga. App. 452 (161 SE 853); *Ocean Accident Guarantee Corp. v. Lane,* 64 Ga. App. 149 (1) (12 SE2d 413). The "weight and credit" to be given this testimony was solely within the discretion of the fact-finding body— in this case, the State Board of Workmen's Compensation. See *Callaway Mills Co. v. Hurley,* 104 Ga. App. 811, 812 (123 SE2d 7). To give the testimony of a medical witness who testifies as to his opinion not as much weight as that of another medical witness so testifying is not "to arbitrarily reject unimpeached medical testimony."

2. While the testimony of the medical witness is in agreement as to disability, but conflicts as to the degree of ratable disability, there was sufficient evidence to support the findings, and the lower court did not err in affirming the award.

*Judgment affirmed. Hall, P. J., and Deen, J., concur.*

SUBMITTED JANUARY 13, 1970—DECIDED JANUARY 27, 1970.

*Preston L. Holland,* for appellant.
*Richard W. Best,* for appellees.