## 54287. AETNA CASUALTY & SURETY COMPANY et al. v. CALDWELL.

BANKE, Judge.

The claimant in this workmen's compensation case was found to have aggravated a pre-existing fracture to her left wrist in the performance of her employment duties. In addition to compensation for a period of total disability, the administrative law judge determined that she was entitled to an award for a 25 percent permanent partial loss of the use of her left arm. The awards were based on the amount of the claimant's full-time weekly wage.

After remanding the case for additional medical evidence, the full board reduced the percentage of permanent partial disability from 25 to 15 percent, but otherwise adopted the findings of the administrative law judge. Both sides appealed to the superior court, the claimant objecting to the reduction in compensation for permanent partial disability and the defendants objecting to the use of the full-time weekly wage as the average weekly wage. The superior court remanded the

case to the board "for reconsideration of the rate of compensation awarded, the percentage of disability awarded, the compensable lost time awarded, and additional medical treatment the claimant may need." The employer and insurance carrier appeal.

1. The board's finding that the claimant suffered a 15 percent partial loss of the use of her left arm was supported by medical testimony. The finding should, therefore, have been affirmed under the "any evidence" rule. See *Continental Cas. Co. v. Bennett,* 69 Ga. App. 683 (26 SE2d 682) (1943); *Etowah Heading Co. v. Anderson,* 73 Ga. App. 814 (38 SE2d 71) (1946).

2. The appellants contend that the claimant's employment records conclusively show that her average weekly wage for the 13 weeks prior disability was $50.95 rather than $103.90, the amount of the "full-time weekly wage." They contend that the trial judge erred in remanding the case to the board on this issue rather than correcting the error himself on the basis of the record.

The board's finding on this issue was proper. Code Ann. § 114-402 (1) provides that the actual "average weekly wage" for the 13 weeks prior to injury shall be taken as the basis on which to compute compensation only where the employee has worked "during substantially the whole of 13 weeks immediately preceding the injury . . ." Otherwise, compensation is to be based either on the wages of a similar employee who has worked substantially the whole of the prior 13 weeks or on the full time weekly wage of the injured employee. Code Ann. § 114-402 (2, 3).

The record in this case shows that the claimant worked a full work week, i.e., 40 hours only two out of the 13 weeks prior to the injury. During another two of these weeks she did not work at all. Therefore, the board was authorized to find that she had not worked "during substantially the whole" of the 13-week period. See *New Amsterdam Cas. Co. v. Brown,* 81 Ga. App. 790 (2) (a) (60 SE2d 245) (1950).

Since no evidence was introduced to indicate the wages of a similar employee in the same employment as provided in Code Ann. § 114-402 (2), the board was authorized to base its award on the claimant's full-time

weekly wage. See *New Amsterdam Cas. Co. v. Brown, supra,* p. 796 (2) (b); *Federated Mut. Implement &c. Ins. Co. v. Elliott,* 88 Ga. App. 266 (4) (76 SE2d 568) (1953).

For the reasons above stated, the judgment of the trial court is reversed, and the case is remanded with direction that the award of the State Board of Workmen's Compensation be affirmed.

*Judgment reversed and remanded with direction. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 14, 1977 — DECIDED OCTOBER 4, 1977.

*Skinner, Wilson, Beals & Strickland, Warner R. Wilson, Jr.,* for appellants.

*Aynes & Hanna, William I. Aynes,* for appellee.