## 58313. INSURANCE COMPANY OF NORTH AMERICA et al. v. SCHWANDT.

CARLEY, Judge.

In this workers' compensation case the claimant Schwandt was injured while in the course of her duties as a waitress for her employer, Holiday Inn. The only issue before the administrative law judge and the full board was determination of her average weekly wage, which is to be computed under Code Ann. § 114-402 as follows:

"Except as otherwise provided in this Title, the average weekly wages of the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation and shall be determined, subject to limitations as to the maximum and minimum amounts provided for in sections 114-404 and 114-413, as follows:

"(1) If the injured employee shall have worked in the employment in which he was working at the time of the injury, whether for the same or another employer, during substantially the whole of 13 weeks immediately preceding the injury, his average weekly wage shall be one-thirteenth of the total amount of wages earned in such employment during the said 13 weeks.

"(2) If the injured employee shall not have worked in such employment during substantially the whole of 13 weeks immediately preceding the injury, the wages of a similar employee in the same employment who has worked substantially the whole of such 13 weeks shall be used in making the determination under the preceding paragraph.

"(3) If either of the foregoing methods cannot reasonably and fairly be applied the full time weekly wage of the injured employee shall be used."

It was undisputed that the claimant had worked less than the whole of 13 full weeks immediately preceding the injury. The administrative law judge found the claimant's full time weekly wage to be $96.80 based solely upon copies of her own personal records. Insurance Company of North America appealed to the full board, which entered an interlocutory order remanding the case to the administrative law judge for "the submission of claimant's income tax return and any other evidence of

earnings."

At the second hearing payroll records of other waitresses similarly employed who had worked more than 13 weeks immediately preceding the injury and deposition testimony as to their average weekly wages were introduced and considered by another administrative law judge. However, upon review the full board adopted the findings of the *first* administrative law judge (who did not consider the additional evidence) except that it found the claimant's average weekly wage to be $126. The award expressly stated that "[t]his determination involves consideration of the earnings as reported by the employer, the claimant's testimony, and her earnings as shown by her income tax return." It thus appears that the evidence of the wages of similar employees was not considered, even though it could have been reasonably and fairly applied.

Clearly the amount of this award was improper since it was not computed pursuant to the Code Ann. § 114-402 (2) or (3) guidelines, which are applicable here. Where an award is based on an erroneous legal theory which precludes consideration of evidence that would authorize a contrary result, it is harmful error. *Fireman's Fund Ins. Co. v. Smith*, 151 Ga. App. 270 (2) (1979); *Williams v. Morrison Assur. Co.*, 138 Ga. App. 191, 193 (1) (225 SE2d 778) (1976). Thus the case must be remanded to the board for consideration of the issue under the correct statutory standards. *Aetna Cas. &c. Co. v. Caldwell*, 143 Ga. App. 397, 398 (2) (238 SE2d 759) (1977).

*Judgment remanded with direction. Deen, C. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 4, 1979 — DECIDED OCTOBER 19, 1979.

*Williston C. White, Stephen L. Goldner,* for appellants.

*Paul C. Myers,* for appellee.