36095, 36096. INSURANCE COMPANY OF NORTH AMERICA et al. v. RUSSELL; and vice versa.

HILL, Justice.

The question for decision here is the constitutionality of the conclusive presumption of dependency in favor of widows (but not widowers) under our workers' compensation law, and if unconstitutional, whether that conclusive presumption shall be

available to both widows and widowers.

Following the death of his wife as a result of gunshot wounds sustained in the course of a robbery at her place of employment, her surviving spouse, Jack B. Russell, applied for workers' compensation benefits. Under Georgia's workers' compensation law, in order to recover death benefits from a deceased spouse's employer (excluding burial expenses), the surviving spouse must prove total or partial dependency. Code Ann. § 114-413. The law, however, conclusively presumes that a wife is wholly dependent for support "upon a husband whom she had not voluntarily deserted or abandoned at [the] time of the accident," Code Ann. § 114-414(a), and that a husband is wholly dependent for support "upon a wife with whom he lived at the time of her accident if he is then incapable of self-support and actually dependent upon her." Code Ann. § 114-414(b). After a provision as to dependency of children, Code Ann. § 114-414(c) (not affected by this decision), the law provides that "In all other cases, questions of dependency, in whole or in part, shall be determined in accordance with the facts at the time of the accident...." Code Ann. § 114-414.[1]

---

[1]Code Ann. § 114-414 reads in its entirety as follows:

"The following persons shall be conclusively presumed to be the next of kin wholly dependant for support upon the deceased employee:

"(a) A wife upon a husband whom she had not voluntarily deserted or abandoned at time of the accident.

"(b) A husband upon a wife with whom he lived at the time of her accident if he is then incapable of self-support and actually dependent upon her.

"(c) A boy under the age of 18, or a girl under the age of 18, upon a parent. If a child is over the ages specified above, but physically or mentally incapacitated from earning a livelihood, he or she shall be presumed to be totally dependent.

"As used in this section, the terms 'boy,' 'girl,' or 'child' shall include step-children, legally adopted children, posthumous children, and acknowledged illegitimate children, but shall not include married children; the term 'parent' shall include step-parents and parents by adoption.

"If the deceased employee leaves a dependent surviving spouse, as above described, and no dependent child or children, the full compensation shall be paid to such spouse; if the deceased employee leaves a dependent surviving spouse, as above described, and also a dependent child, or children, the full compensation shall be paid to such spouse for his or her use and that of such child or children, the State Board of Workmens' Compensation, however, to have the power in proper cases, in their discretion, to apportion the compensation; if the dependent surviving spouse dies before payment is made in full, the balance remaining shall be paid to the person or persons wholly dependent, if any, share and share alike. If there is no person wholly dependent, payment shall be made to partial dependents.

"In all other cases, questions of dependency, in whole or in part, shall be determined in accordance with the facts at the time of the accident, but no allowance shall be made for any payment made in lieu of board and lodging or services, and no

Jack Russell submitted evidence of partial dependency; he also timely challenged the constitutionality of Code Ann. § 114-414(a) on the ground that it denied him his right to equal protection under the fourteenth amendment to the United States Constitution by providing a conclusive presumption of dependency for a wife but not for a husband. The administrative law judge found that Russell was not partially dependent on his deceased wife and declined to rule on the constitutionality of Code Ann. § 114-414(a), finding that issue beyond the scope of his authority. The full board affirmed, adopting the findings and conclusions of the administrative law judge. On appeal, however, the superior court reversed, sustaining Russell's challenge to the constitutionality of Code Ann. § 114-414(a) and holding that "the dependency of a widower must be determined in exactly the same manner and under the same standards as the dependency of a widow." The superior court remanded with direction that an award be made to the widower in conformity with its decision. The employer and its insurer, Insurance Company of North America, then filed an application to appeal which was granted by this court.

1. Some months after the entry of the superior court's order, the United States Supreme Court held unconstitutional a similar conclusive presumption of dependency for widows but not widowers in Missouri's workers' compensation statute. Wengler v. Druggist Mutual Ins. Co., —- U.S.—- (100 SC —-, 64 LE2d 107) (1980). In accordance with that decision, we affirm the order of the trial court to the extent it declared the different treatment of widows and widowers to be unconstitutional.

2. The superior court's order implicitly holds that since a conclusive presumption of dependency for wives alone violates equal protection, the remedy for the constitutional deficiency is to extend the benefit of the presumption to husbands. But as the United States

---

compensation shall be allowed, unless the dependency existed for a period of three months or more prior to the accident; and in such other cases if there is more than one person wholly dependent, the death benefit shall be divided among them, and persons partially dependent, if any, shall receive no part thereof; if there is no one wholly dependent and more than one person partially dependent, the death benefit shall be divided among them according to the relative extent of their dependency.

"For the purpose of this Title, the dependency of a widow or widower of a deceased employee shall terminate with remarriage. The dependency of a child, except a child physically or mentally incapacitated from earning a livelihood, shall terminate with the attainment of 18 years of age. In all cases, except such as are hereinbefore specifically provided for, where there are both total and partial dependents and the total dependents die, remarry or cease to be dependents, the partial dependents shall be entitled to the balance of compensation, if any."

Supreme Court noted in Wengler, supra, the defect may be cured by the state courts either by extending the presumption to widowers or by eliminating it for widows. Wengler, supra, —- U.S. —- (100 SC —-, 64 LE2d 116-117). The reason a choice is available is that Code § 114-414(a) is not, per se, unconstitutional. It is the different treatment accorded widows and widowers by Code § 114-414(a), (b) which is unconstitutional under the equal protection clause. This difference in treatment can be remedied by giving widowers the rights available under § 114-414(a) or by restricting widows to the rights available under § 114-414(b), or by a combination thereof resulting in elimination of the disparity. (We reject the suggestion of appellee's counsel that the entire workers' compensation act could be declared unconstitutional and the tort system reinstalled.)

The question is how best to facilitate legislative intent where the expressed intent to differentiate between widows and widowers cannot be carried out. Code § 114-414, supra, appears as part of the Code of 1933. That section was first enacted in 1920 (Ga. L. 1920, p. 188). When enacted (whether the year chosen be 1920 or 1933), husbands most often supported their wives and wives were dependent upon husbands. Hence the General Assembly provided that death benefits would be paid to a widow but a widower would have to show his dependency. Workers' compensation has never been like life insurance. In view of the other dependency provisions of our workers' compensation law, we do not find that, given the choice, the General Assembly would have provided that an able-bodied widower should be entitled to death benefits absent a showing of dependency upon his deceased wife.

From our reading of Code Ann. § 114-414, the leglislative intent can best be accomplished by eliminating the conclusive presumption of dependency of widows. Widows, whom the General Assembly intended to benefit, may still prove dependency and in many instances the proof will be a relatively simple matter not subject to dispute. And widowers, whom the General Assembly clearly intended to recover benefits only in cases of actual dependency, are still required to prove dependency. This result being more consonant with the statutory scheme, we reverse the order of the trial court insofar as it extended the benefit of the conclusive presumption of dependency to widowers. Arp v. Workers' Compensation Appeals Bd., 563 P2d 849 (Cal. 1977). But see Passante v. Walden Printing Co., 385 NYS2d 178, 181 (1976); Tomarchio v. Township of Greenwich, 379 A2d 848, 854 (NJ 1977).

On the other hand, a widow may recover death benefits under § 114-414(a) as it was written even without proof that she was being supported by her deceased husband, if she had not voluntarily

deserted or abandoned him, whereas a widower can recover under § 114-414(b) as written only upon proof that he was living with her, was incapable of self-support and was actually dependent upon her. To restrict widows to the limited presumption of dependency under § 114-414(b) was not the legislative intent. We therefore find that, given the choice, the General Assembly would not have made § 114-414(b) as written applicable to widows, just as we have found that it would not have made § 114-414(a) applicable to widowers. A court has the power to merge into one two provisions invalid under the equal protection clause when the result achieved is more consistent with legislative intent than the result that would attend complete invalidation of one or the other. Arp v. Workers' Compensation Appeals Bd., supra, 563 P2d at 856.

For clarity in the administration of our workers' compensation law, until the General Assembly provides otherwise, as a result of this decision subparagraphs (a) and (b) of Code § 114-414 should be read together, as follows: "The following persons shall be conclusively presumed to be the next of kin wholly dependent for support upon the deceased employee: (a,b) A surviving spouse upon a deceased spouse if the survivor was wholly or partially dependent for support upon the deceased or was in need of such support."

As heretofore noted, this decision does not affect the rights of children of a deceased employee. Thus, although it will now become necessary for some income-producing widows to prove dependency, this administrative burden can be expedited by the Workers' Compensation Board by procedures applicable to both widows and widowers, with the result that "The only persons who will suffer substantial loss of benefits by reason of the invalidation of the widow's presumption are childless, financially self-sufficient wives." Arp v. Workers' Compensation Appeals Bd., supra, 563 P2d at 857-858. And of course the General Assembly may reestablish the conclusive presumption of dependency for both widows and widowers if it chooses to do so.

3. In a cross appeal, Russell contends that the trial court erred in affirming the findings of fact entered by the administrative law judge and affirmed by the State Board of Workers' Compensation. Specifically, he contests the findings that the employee's average weekly wage was $69.77, and that Russell was not partially dependent on his deceased wife.

The evidence showed that the employee was killed on October 7, and that she had earned $906.56 in the "third quarter" (July, August and September) and earned (or was paid) $373.64 for the "fourth quarter" (commencing in October) (apparently some wages had been withheld, or the employee earned $373.64 for the first week in

October). The administrative law judge apparently computed her weekly wage by dividing 13 weeks into the third quarter's wages of $906.56. However, there was evidence from the employee's daughter who worked with her mother showing that the deceased began work in August and was earning about $125 per week. The employer did not provide the date employment began or the date wages were first paid. Hence there is not any evidence to support the finding that the weekly wage was one-thirteenth of $906.56.

The evidence showed that the widower earned about $100 per week and there was some evidence showing dependency. If the employee was paid for only 7 or 8 weeks in the third quarter, her weekly wage would have exceeded that of her husband's. There being no proper finding as to the employee's weekly wage, the conclusion that there was no dependency cannot be sustained. We therefore remand this case for a redetermination of the deceased's average weekly wage. See *Insurance Co. of North America v. Schwandt,* 151 Ga. App. 842 (261 SE2d 755) (1979). The issue of dependency must be redetermined in light of the correct average weekly wage.

*Judgment affirmed in part, reversed in part, and remanded with direction. All the Justices concur.*

ARGUED APRIL 15, 1980 — DECIDED SEPTEMBER 8, 1980.

*Charles L. Drew, Richard C. Kissiah,* for appellants.
*John W. Folsom, Glenville Haldi,* for appellee.