64452. NEESE v. SUBSEQUENT INJURY TRUST FUND et al.

SOGNIER, Judge.
Julia Neese filed a claim with the State Board of Workers' Compensation for survivor's benefits as a result of the death of her husband during the course of his employment. The ALJ denied benefits to the widow, finding that she was not dependent on her husband prior to his death. The ALJ directed the employer to pay $10,000 to the Subsequent Injury Trust Fund in accordance with Code Ann. § 114-910. The full board reversed the ALJ's award. The Superior Court reversed the board's award and remanded the case to the board with directions to enter an award in accordance with the findings of the ALJ. This court granted Ms. Neese's application for discretionary appeal. We reverse.

Appellant contends that the trial court erred in reversing the award entered by the board because there was sufficient evidence of her dependency on her deceased husband to award her survivor's benefits. The trial court found that there was *no* evidence to support the board's award as to dependency, and relied on *Glens Falls Indemn. Co. v. Jordan,* 56 Ga. App. 449 (193 SE 96) (1937), a case which outlines the elements that are indicia of dependency. We do not agree.

There is no longer a conclusive presumption of dependency of widows under the provisions of Code Ann. § 114-414, absent proof that a surviving spouse was wholly or partially dependent for support upon the deceased or was in need of such support. *Insurance Co. of North America v. Russell,* 246 Ga. 269 (271 SE2d 178) (1980). " 'Neither the amounts contributed nor the times when made are necessarily controlling elements in the test of dependency.' " *Glens Falls Indemn. v. Jordan,* supra at p. 456.

The determination of dependency is a factual question subject to proof by the claimant. *Insurance Co. of North America v. Russell,* supra at 272. Ms. Neese testified before the ALJ that she was

partially dependent on the money her husband sent her even though it was infrequent and in small amounts. Evidence to the contrary notwithstanding, the board, upon de novo review, found that the claimant was dependent on the deceased's financial contributions and services to maintain her lifestyle. Even though the evidence is conflicting, or not altogether complete and satisfactory, an award must be affirmed if there is any evidence to support it. *Dept. of Public Safety v. Rodgers,* 149 Ga. App. 683 (255 SE2d 139) (1979). The findings of fact of the full board, being supported by some evidence, were conclusive and binding upon the court; the judge of the superior court had no authority to set aside the award based upon those findings of fact merely because he disagreed with the conclusions reached therein; after the board had determined the weight and credit to be given testimony of witnesses and conflicts in evidence and entered its award, the award — supported by evidence construed in a light most favorable to the party prevailing before the board and by every presumption in favor of its validity — should have been affirmed by the superior court. *Howard Sheppard, Inc. v. McGowan,* 137 Ga. App. 408, 410 (224 SE2d 65)(1976); *Argonaut Ins. Co. v. Cline,* 142 Ga. App. 603, 605 (236 SE2d 876) (1977). Hence, the trial court erred in reversing the award of the full board.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 26, 1982.

*Ralph E. Hughes,* for appellant.

*Gary R. Hurst, Assistant Attorney General, Jefferson James Davis, Special Assistant Attorney General, Donald F. Walton, John V. Skinner, Jr.,* for appellees.