72708. MASTERPIECE FINISHING COMPANY
et al. v. CALLAHAN.
(348 SE2d 586)

CARLEY, Judge.

Appellee suffered a disabling injury while on-the-job and began receiving weekly temporary total disability income benefits from appellants, who are appellee's employer and its insurer. Several weeks later, the amount of the benefits was reduced. Appellee sought an administrative hearing to determine his correct average weekly wage base. At the hearing, it was stipulated that appellee had been employed to work eight hours per day, five days per week, and was to be paid $4.75 per hour. A wage statement was entered into evidence and stipulated to be accurate. The wage statement showed that, in the thirteen weeks prior to appellee's injury, he had worked during 57 out of the 65 work days. Appellee worked five five-day work weeks and only four days in each of the remaining eight weeks. In only two of the five work weeks in which appellee worked five days had he worked his full 40 hours. The parties further stipulated to the inapplicability of OCGA § 34-9-260 (2) and agreed that the only issue for resolution was whether appellee's applicable average weekly wage base was his full-time weekly wage, pursuant to subsection (3) of OCGA § 34-9-260, or one-thirteenth of his actual wages in the thirteen weeks preceding his injury, pursuant to subsection (1) of OCGA § 34-9-260.

The administrative law judge (ALJ) found that appellee had not worked "substantially the whole" of the thirteen-week period preceding his injury. The ALJ therefore applied subsection (3) of OCGA § 34-9-260, and used appellee's full-time weekly wage as the basis upon which to compute compensation. The Full Board adopted the findings and conclusions of the ALJ as its own. The superior court affirmed, finding that, during the thirteen-week period preceding his injury, ap-

pellee had actually worked less than twelve full 40-hour weeks or less than 90% of his regular work schedule. In finding that it was not "unreasonable" to utilize the 90% figure as representing the threshold of "substantially the whole of 13 weeks," the superior court was persuaded by the decision of the Supreme Court of Florida in *Wilkes & Pittman v. Pittman*, 92 S2d 822 (Fla. 1957). Appellants applied to this court for a discretionary appeal. The application was granted, resulting in the instant appeal.

A claimant who has worked "during substantially the whole of 13 weeks immediately preceding the injury" clearly falls within the ambit of OCGA § 34-9-260 (1), and it is that statutory provision which must be used to calculate his compensation. See *Thomaston Mills v. Kierbow*, 177 Ga. App. 368, 370 (339 SE2d 361) (1985). "[T]he burden of proof is on the claimant to establish by sufficient competent evidence the basis upon which his compensation is to be computed." *Hood v. Jackson*, 81 Ga. App. 465 (3) (59 SE2d 45) (1950). Appellants stipulated to the evidence which appellee contends demonstrates that subsection (3) of OCGA § 34-9-260 is controlling, in that subsection (1) "cannot reasonably and fairly be applied" under the circumstances. The Full Board considered that evidence and determined that appellee had not worked "during substantially the whole of [the] 13 weeks." "OCGA § 34-9-105 (a) provides, in relevant part, that an award of the State Board of Workers' Compensation 'shall be conclusive and binding as to all questions of fact.' Neither the superior court nor the Court of Appeals has any authority to substitute itself as the fact-finding body in lieu of the Board of Workers' Compensation . . . . '[A]n award must be affirmed if there is any evidence to support it.' [Cit.]" *Spalding County Commissioners v. Tarver*, 167 Ga. App. 661, 662-663 (307 SE2d 58) (1983).

" 'Substantially,' like 'reasonably,' is one of those words that deliberately leaves a wide area of discretion to commissioners and courts. About all that can be said is that the very choice of such an elastic word indicates that the test was meant to be applied, not mechanically nor technically, but flexibly, with a view always to achieving the ultimate objective of reflecting fairly the claimant's probable future earning loss." 2 Larson, Workers' Compensation Law, § 60.11 (b), pp. 10-548-549. Construing the term employed by the legislature as a deliberate generality, it would not appear to be appropriate for the judiciary arbitrarily to fix "substantially the whole of 13 weeks" at ninety or any other exact percentage of that period of time. The legislature declined to set any such arbitrary yardstick, choosing instead a term that is "necessarily general." Hiers & Potter, Ga. Workers' Compensation Law & Practice, § 17-2, p. 180, fn. 3. "[The courts] will not usurp legislative powers to extend a legislative act beyond its clearly expressed terms." *Burpee v. Logan*, 216 Ga. 434, 437

(117 SE2d 339) (1960). However, "a judgment right for any reason will be upheld. [Cit.]" *Knight v. Stevens Logging*, 173 Ga. App. 359, 360 (1) (326 SE2d 494) (1985). Considering the evidence that appellee was hired to work a five-day, forty-hour work week and that, in the 13 weeks preceding his injury, he worked only two such weeks, the finding of the Full Board that appellee did not work "substantially the whole" of the applicable period is not without sufficient evidentiary support. See *New Amsterdam Cas. Co. v. Brown*, 81 Ga. App. 790 (2) (60 SE2d 245) (1950); *Aetna Cas. &c. Co. v. Caldwell*, 143 Ga. App. 397, 398 (2) (238 SE2d 759) (1977). Accordingly, the superior court was correct in affirming the award. *General Motors Corp. v. Summerous*, 170 Ga. App. 338, 341-342 (3) (317 SE2d 318) (1984).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 4, 1986.

*Timothy H. Allred*, for appellants.
*Thomas M. Finn*, for appellee.