73583. HANDCRAFTED FURNITURE, INC. et al.
v. BLACK et al.
(354 SE2d 696)

POPE, Judge.

Workers' compensation. Defendants, employer Handcrafted Furniture, Inc. and its insurer, International Indemnity Company, bring this appeal from the superior court's affirmance of the board's award of benefits to claimants, all survivors of the deceased employee, Sherman Black. The administrative law judge (ALJ) made the following findings of fact and conclusions of law, which were adopted by the board:

"The deceased employee and Allan Aylsworth were co-owners of Handcrafted Furniture, Inc. and began operation in July of 1982. During the early part of 1983, the corporation was moved from Calhoun to Adairsville, Georgia. Because Mr. Black would leave numerous times during the day, would come in late many times, because of his inexperience and numerous mistakes, because of friction between Mr. Black and employees, because Mr. Aylsworth did not believe Mr. Black to share his part of the responsibilities, and because Mr. Black would not sell his 50 percent ownership in the business to Mr. Aylsworth, Mr. Aylsworth became increasingly frustrated with Mr. Black. Commencing about October 1982, Mr. Aylsworth began planning the murder of Mr. Black with several employees. On February 18, 1983, Allan Aylsworth, Robert Hunter, and James Couch murdered Mr. Black at the premises of Handcrafted Furniture, Inc. while Mr. Black was working. The three murderers were subsequently arrested, convicted of murder, and received life sentences.

"The employer/insurer contend that this claim is not compensable in that the deceased employee was murdered for purely personal reasons. However, from Mr. Aylsworth's testimony, I find that the deceased employee was murdered because he was a poor business partner and Mr. Aylsworth desired to gain complete control of the busi-

ness and eliminate Mr. Black as a problem to the business. Thus, I find that the deceased employee was killed for a business reason rather than a purely personal reason.

"The employer/insurer also contend that Lanette Black conspired with Mr. Aylsworth to murder her husband. In support of this, the employer/insurer argue that Lanette Black and Allan Aylsworth were having an affair and planned to murder Mr. Black in order to eliminate him from the picture and to receive the life insurance proceeds as a result of his death. In support of this, the defendants offered the testimony of several former employees of Handcrafted Furniture, Inc., which amounted to little more than gossip. The employer/insurer did offer the testimony of Mrs. Brenda Aylsworth, wife of Allan Aylsworth. In her testimony, Mrs. Aylsworth testified that Lanette Black, in an indirect way, admitted to having an affair with her husband and that her husband told her that he had an affair with Lanette Black. Mrs. Aylsworth confessed that in an earlier trial in Federal Court she had testified that she did not have any knowledge about an affair between her husband and Lanette Black. When faced with this contradiction, Mrs. Aylsworth stated that she lied under oath in Federal Court but that she was telling the truth to the undersigned. Because of Mrs. Aylsworth's admission of perjury along with my personal observation of Mrs. Aylsworth's demeanor, I find her testimony to be unworthy of belief. Additionally, Allan Aylsworth testified that although he would not answer any questions pertaining to his relationship with Lanette Black, that any relationship between himself and Lanette Black had no bearing on the murder of Sherman Black."

1. Defendant's first enumeration of error asserts that Sherman Black's death was caused by the wilful acts of Allan Aylsworth for personal reasons and thus was non-compensable within the meaning of OCGA § 34-9-1 (4). We find this issue controlled adversely to defendants by the holding in *State of Ga. v. Purmort*, 143 Ga. App. 269 (1) (238 SE2d 268) (1977): "The findings and award were authorized by the evidence, and the record does not demand a finding . . . that the attack was directed against [the deceased] for nonwork-related personal reasons. Consequently, while a different result could have been reached, the award was authorized, the 'any evidence' rule being applicable to [this question]." (Citations and punctuation omitted.) Accord *Commercial Constr. Co. v. Caldwell*, 111 Ga. App. 1 (140 SE2d 298) (1965); *McLaughlin v. Thompson, Boland & Lee*, 72 Ga. App. 564 (3) (34 SE2d 562) (1945); *Muscott v. Janice Stores Corp.*, 6 A.D.2d 921 (175 NYS2d 746) (1958). Compare *Murphy v. ARA Svcs.*, 164 Ga. App. 859 (298 SE2d 528) (1982); *Lanier v. Brown Bros.*, 44 Ga. App. 831 (163 SE 263) (1932).

2. Defendant's second enumeration cites as error the ALJ's ex-

cluding or limiting testimony of witnesses concerning statements made by Allan Aylsworth since such testimony was admissible as original evidence to prove Aylsworth's motive for murdering Sherman Black. See OCGA § 24-3-2. The ALJ found that such testimony "amounted to little more than gossip."

The ALJ and full board "as factfinders have exclusive prerogative of weighing evidence, including determinations of credibility of witnesses; the courts on appeal are bound by findings if supported by any evidence. . . . [I]n arriving at the truth, [they] may apply all of the rules of law with reference to the credibility of the witnesses testifying, their intelligence, their means and opportunity of knowing the facts to which they testify, the nature of the facts to which they testify, the probability or improbability of their testimony, their interest or want of interest, and their personal credibility so far as the same legitimately appears from the trial." *Howard Sheppard, Inc. v. McGowan*, 137 Ga. App. 408, 411 (224 SE2d 65) (1976). Upon review of the record in this case, we find no error in the ALJ's ruling. See *Jones v. State*, 247 Ga. 268 (9) (275 SE2d 67), cert. den., 454 U. S. 817 (1981).

3. In light of our holding in Division 2, supra, we also find no error in the ALJ's finding that Mrs. Aylsworth's testimony was "unworthy of belief." See OCGA § 24-9-85 (a).

4. We find no error in admitting the testimony of Allan Aylsworth as to his reasons for killing the deceased over defendants' objection that same was a self-serving declaration. See *Childers v. Ackerman Constr. Co.*, 211 Ga. 350 (3) (86 SE2d 227) (1955). See generally *Price v. Star Svc. &c. Corp.*, 119 Ga. App. 171, 177 (166 SE2d 593) (1969).

5. Defendants' gender-based constitutional challenge to OCGA § 34-9-13 (b) (formerly Code Ann. § 114-414 and as effective prior to amendment July 1, 1985, see Ga. L. 1985, p. 727, § 1) has been previously addressed and resolved by our Supreme Court in *Insurance Co. of N. America v. Russell*, 246 Ga. 269 (2) (271 SE2d 178) (1980). The board's award regarding the dependency of the widow, Lanette Black, which reversed the award of the ALJ in this regard, is in accord with the holding in *Russell*, is supported by the evidence and, thus, must be affirmed. See *Neese v. Subsequent Injury &c. Fund*, 164 Ga. App. 136 (296 SE2d 427) (1982). In any event, "[w]here the death of the employee is compensable[,] the law fixes the amount to be paid the dependents described by [OCGA § 34-9-13. See OCGA § 34-9-265]. The number of dependents who participate in the use of the fund is of no concern to the employer or insurance carrier; their only interest is to see that the amount of the award is paid to those entitled to receive the same." *Georgia Forestry Comm. v. Harrell*, 98 Ga. App. 238, 240 (105 SE2d 461) (1958).

6. Defendants' assertion that OCGA § 34-9-13 (a and b) (in effect prior to July 1, 1985) unconstitutionally created a conclusive presumption of dependency of stepchildren has been decided adversely to them in *Flint River Mills v. Henry*, 239 Ga. 347 (236 SE2d 583) (1977), cert. dismissed, 434 U. S. 1003 (1978). Therefore, we affirm the ALJ's finding that "[f]rom the conclusive presumption contained in OCGA § 34-9-13 (b) as well as the testimony of Lanette Black wherein she testified that the deceased employee contributed to their support for food, clothing, and doctor bills, I find the deceased employee's step-children to have been wholly dependent upon the deceased employee for their support." We find no basis for concluding that the July 1, 1985 amendment to the statute, providing a presumption of dependency to "dependent stepchildren" rather than to stepchildren without qualification, "imperatively requires" its retroactive application in this case. See *Hart v. Owens-Ill.*, 250 Ga. 397 (297 SE2d 462) (1982).

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED MARCH 11, 1987.

*Robert P. Hein*, for appellants.
*Michael R. Eddings, Renzo S. Wiggins*, for appellees.