### 77222. JONES v. WINNERS CORPORATION et al.
(377 SE2d 705)

BIRDSONG, Judge.

We granted this workers' compensation case discretionary appeal to correct misstatements of law by the ALJ.

The issue is the "dependency" of the claimant widower on his deceased wife. OCGA § 34-9-13 provides: "(b) The following persons shall be *conclusively presumed to be the next of kin wholly dependent* for support upon the deceased employee: (1) A wife or husband who had not voluntarily abandoned her or his spouse at the time of the accident resulting in the death of the spouse, *except* that, if the surviving spouse was employed for a period of 90 days next prior to the accident which resulted in the death of the deceased employee, *the presumption of total dependence shall be rebuttable. . . .*" (Emphasis supplied.)

Under this code section, since the claimant widower may have worked 90 days next prior to his wife's death, there is no "conclusive presumption" that he was wholly dependent on his wife, although the ALJ said there was such a conclusive presumption because he "was dependent on the deceased employee to maintain his lifestyle." The ALJ cited *Insurance Co. of North America v. Russell*, 246 Ga. 269 (2) (271 SE2d 178) and *Neese v. Subsequent Injury Trust Fund*, 164 Ga. App. 136 (296 SE2d 427), both of which predate the present enactment of OCGA § 34-9-13.

There is some evidence to support a possible finding that the presumption of total dependence was not rebutted; but because of the erroneous application of a conclusive presumption, based on the claimant's dependence on her to "maintain his lifestyle," the ALJ obviously did not appropriately reach a decision that the *rebuttable* presumption had in fact been *rebutted*. Therefore, the judgment of the superior court reversing and remanding the issue is correct.

It should be noted that the employer claims, as important or determinative, that "at all times pertinent hereto the deceased never sent money to her spouse [a Navy man]." This implies a contention that the "times pertinent hereto" is the time element stated in the code section (90 days prior to death), and that if she did not send him any money during those 90 days, the presumption of dependency was rebutted. There is no basis for such a theory of "sending or providing money" 90 days prior to death in the code section; the only provision regarding the time "pertinent" (90 days) refers to whether the surviving spouse was employed during that time, not to whether the de-

ceased gave him money. However, whether the deceased sent or gave claimant money may be a fact, like any other, to consider in determining whether the presumption of total dependency has been rebutted.

On remand, the ALJ should determine whether the presumption of total dependency was *rebutted*. We must re-emphasize, however, that the code section does not provide that the fact claimant worked 90 days prior to his wife's death *conclusively rebuts* a presumption of total dependency; it merely provides the presumption is *rebuttable*. Thus, other facts, such as those the ALJ considered, might authorize a finding of total dependency, even though the spouse worked 90 days prior to his wife's death.

The trial court's remand of the case to the board for renewed consideration is affirmed, for proceedings not inconsistent herewith and with the code section.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

## ON MOTION FOR REHEARING.

On motion for rehearing, the claimant widower contends essentially that the ALJ's finding (that there was a *conclusive* presumption the claimant was totally dependent on deceased to maintain his lifestyle) constitutes a proper finding as we have directed in this opinion. Claimant thus says, in essence, that whatever the ALJ's reasoning, the ALJ did find the *rebuttable* presumption to have been conclusively rebutted. This may or may not be so, but if it is so, in legal import it is by coincidence only, because the ALJ clearly used the wrong law and applied prima facie a conclusive presumption. The result might well be different if the ALJ follows the current statute in determining claimant's dependency. Legal errors in these cases require remand or reversal, wherever it may have been harmful.

*Motion for rehearing denied.*

DECIDED JANUARY 4, 1989 —
REHEARING DENIED JANUARY 23, 1989.

*James W. Smith*, for appellant.
*Woodson & Hanofee, Timothy V. Hanofee, Jefferson J. Davis*, for appellees.