A90A0808. RICHARDS et al. v. WILKINSON SHAVING COMPANY.
(400 SE2d 344)

CARLEY, Chief Judge.

The relevant facts in this workers' compensation case are as follows: After working for appellee-employer for less than 13 weeks, Joseph D. Richards was killed in an employment-related accident. Appellant-claimants, who are Richards' widow and his minor children, sought workers' compensation benefits. The Administrative Law Judge (ALJ) found that Richards' average weekly wage, as calculated under OCGA § 34-9-260 (2), was sufficient to entitle the claimants to an award of the maximum allowable benefits. After conducting its de novo review, the Full Board adopted the ALJ's award as its own. On appeal to the superior court, however, the award was reversed on the ground that the evidence did not authorize a calculation of Richards'

average weekly wage pursuant to subsection (2) or any other subsection of OCGA § 34-9-260. According to the superior court, "there is a crack in [OCGA § 34-9-260] through which these claimants have fallen. If one is injured or killed while working at a new job (less than 13 weeks), in a unique position (with no 'similar employees in the same employment') and one does not have a 'full-time weekly wage' (e.g., as here, one works on a percentage basis), the statute provides no method of computing an average weekly wage. Therefore, . . . while claimants may have a right to compensation, they have failed to provide sufficient evidence of the proper amount of compensation, and the relief they seek must be denied."

The claimants petitioned this court for a discretionary appeal from the superior court's reversal of their award. Their petition was granted in order to review the superior court's holding that the evidence was insufficient to authorize an award of maximum benefits based upon a calculation of Richards' average weekly wage pursuant to subsection (2) of OCGA § 34-9-260.

1. "If the injured employee shall not have worked in such employment during substantially the whole of 13 weeks immediately preceding the injury, the wages of *a similar employee in the same employment* who has worked substantially the whole of such 13 weeks shall be used in making the determination [of the average weekly wage]." (Emphasis supplied.) OCGA § 34-9-260 (2). Although not explicit, the phrase "a similar employee in the same employment" refers to a similar employee of the *same employer*. "Such an employee would be one who is not necessarily in the precise same job classification and pay scale as the injured employee, but who at least performs a similar type job for the same employer." Hiers & Potter, Ga. Workers' Compensation Law & Practice (2d ed.), § 17-2, p. 228. Accordingly, if appellee had *no* such similar employee in its employment during the relevant 13-week period, then a calculation of Richards' average weekly wage clearly could not be based upon subsection (2) of OCGA § 34-9-260.

Although the superior court concluded that Richards held "a unique position (with no 'similar employees in the same employment') . . .," a review of the record shows that the claimants *did* adduce evidence that appellee had a "similar employee in the same employment" who had worked substantially the whole of the 13 weeks immediately preceding Richards' death. However, the claimants were unable to adduce any direct evidence as to what that similar employee's wages had *actually* been for that 13-week period. Neither appellee's owner nor the similar employee himself could remember what the latter's earnings had been during those 13 weeks and all relevant business records had apparently been destroyed in a fire. Accordingly, the issue to be decided is whether this lack of any *direct* evidence as

to the actual earnings of appellee's similar employee during the 13 weeks prior to Richards' death mandates a reversal of the award of maximum benefits as ostensibly calculated under subsection (2) of OCGA § 34-9-260.

2. " '(T)he burden of proof is on the claimant to establish by sufficient competent evidence the basis upon which his compensation is to be computed.' [Cit.]" *Masterpiece Finishing Co. v. Callahan*, 180 Ga. App. 216, 217 (348 SE2d 586) (1986). However, this burden need not be met with direct evidence. "Circumstantial evidence may be utilized in work[ers'] compensation cases. [Cits.]" *Employers Mut. &c. Ins. Co. v. Rosenfeld*, 130 Ga. App. 251, 252 (3) (202 SE2d 678) (1973). The ALJ and Full Board "cannot arbitrarily reject evidence but must follow the rules of evidence and consider all competent evidence submitted. . . ." *Medley v. Hartford Acc. & Indem. Co.*, 121 Ga. App. 54, 55 (1) (172 SE2d 461) (1970). Among those rules of evidence which the ALJ and Full Board must follow is OCGA § 24-4-2, which "reads as follows: 'What amount of evidence will change the onus or burden of proof is a question to be decided in each case by the sound discretion of the court.' This section has no application to the burden of proof placed by the pleadings. The law therein announced applies only to the burden of evidence which may, . . . as to any particular fact or issue, shift from one party to the other. As to the discretion which the law of this section invests in the trial judge, he may call to his assistance in reaching a correct decision other well-recognized and fundamental principles of procedure and practice which are so well recognized that they take the form of substantive evidence. The judge may consider the question of peculiar knowledge." *Department of Revenue v. Stewart*, 67 Ga. App. 281, 288 (4) (20 SE2d 40) (1942). Thus, "facts that are peculiarly within the knowledge of a party must be proved by him, and [the ALJ and Full Board] may more promptly discharge a [claimant] from his burden of evidence . . . when knowledge as to the proposition is peculiarly within the power of his opponent. . . ." *Hyer v. Holmes & Co.*, 12 Ga. App. 837 (4) (79 SE 58) (1913).

The amount of the earnings of appellee's similar employee during the relevant 13-week period was clearly a matter which was within appellee's rather than the claimants' "peculiar knowledge." Nevertheless, the claimants did attempt to adduce direct evidence as to this issue. However, this attempt was frustrated because neither the similar employee nor appellee's owner could remember what those wages had been and appellee's records were shown to have been lost in a fire. However, the record demonstrates that the claimants then adduced evidence showing that the earnings of two similar employees of *another employer* during the 13-week period had been great enough to authorize an award of maximum benefits. This evidence was, under

the circumstances, sufficient circumstantial evidence of the earnings of appellee's similar employee to meet the claimants' burden of proof under subsection (2) of OCGA § 34-9-260, and to shift to appellee the burden of coming forward with some rebutting evidence showing that the actual wages of its similar employee during the 13-week period had, in fact, not been as great as those of the two employees of the other employer. See generally *Dillard v. Holtzendorf*, 140 Ga. 17 (78 SE 414) (1913); *A.A.A. Hwy. Express v. Hagler*, 72 Ga. App. 519, 520 (1) (34 SE2d 462) (1945). However, appellee did not come forward with any such rebuttal evidence. Accordingly, the ALJ and the Full Board were authorized to find that Richards' average weekly wage had been circumstantially shown under subsection (2) of OCGA § 34-9-260 and to make an award of maximum benefits to the claimants based upon that circumstantial evidence. "Circumstantial evidence is sufficient to sustain a verdict in a civil case where it reasonably establishes the theory relied on, and preponderates to that theory rather than to any other reasonable hypothesis ([cit.]); but such evidence need not be inconsistent with all other reasonable theories beyond a reasonable doubt or to the point of logical demonstration. [Cit.]" *Dodd v. Callaway*, 76 Ga. App. 629, 634 (3) (46 SE2d 740) (1948).

The effect of such a holding is not to allow the claimants to recover indirectly what they could not recover directly. Subsection (2) of OCGA § 34-9-260 refers to the wages of a similar employee of the same employer and the evidence as to the wages of the two employees of another employer was, therefore, not admissible and probative as *direct* evidence of Richards' average weekly wage under that provision. However, the claimants had otherwise proved that appellee had in its employment during the relevant 13-week period a similar employee the amount of whose actual earnings was within the appellee's "peculiar knowledge." All we hold is that, under these circumstances, the evidence of the wages earned by similar employees of another employer was admissible and probative as *circumstantial* evidence of the wages that had been earned by appellee's similar employee. If appellee had countered this circumstantial evidence by some evidence showing that its similar employee had actually earned wages which would authorize an award of less than the maximum benefits, then an award of the maximum benefits under subsection (2) of OCGA § 34-9-260 would not be authorized. See generally *Allgood v. Dalton Brick & Tile Corp.*, 81 Ga. App. 189-190 (3, 4) (58 SE2d 522) (1950). However, appellee did not come forward with any such evidence and the superior court erred, therefore, in holding "that there is a crack in the statute through which these claimants have fallen." "We think a construction of [OCGA § 34-9-260] which would defeat payment of compensation where the act had become operative in virtue of [OCGA §§ 34-9-1 and 34-9-2] . . . would constitute an unjustifiable defeat of the

obvious legislative purpose in enacting the law." *Slaten v. Travelers Ins. Co.*, 197 Ga. 1, 7 (28 SE2d 280) (1943).

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 26, 1990 —
REHEARING DENIED DECEMBER 7, 1990.

*J. Edward Staples*, for appellants.

*Blasingame, Burch, Garrard & Bryant, E. Davison Burch, Andrew J. Hill, Jr.*, for appellee.