A99A2096. O'KELLEY v. HALL COUNTY BOARD OF
EDUCATION et al.
(532 SE2d 427)

POPE, Presiding Judge.

We granted Debbie O'Kelley's application for discretionary review of a superior court order that reversed an award by the Appellate Division of the State Board of Workers' Compensation (the "Board"). At issue is whether the superior court ordered the Board to apply the wrong formula and, thereby, miscalculated O'Kelley's average weekly wage. We conclude that the superior court erred, and we reverse.

The Hall County Board of Education ("Hall County") hired O'Kelley as a substitute lunchroom worker on September 3, 1995, and converted her to a full-time position on October 3, 1995, at a contract rate of $229.85 per week. On October 18, 1995, O'Kelley suffered a compensable on-the-job injury. At the time of this injury, O'Kelley also had part-time employment as a food service worker at Dari-Spot, a job she had held for five years.

Hall County calculated O'Kelley's income benefits by taking the sum of all her wages from both jobs for the 13 weeks prior to the injury and then dividing that figure by 13. See OCGA § 34-9-260 (1). Hall County paid two-thirds of $255.44, or $170.30 per week. After O'Kelley controverted this method of calculating her average weekly wage, an administrative law judge ("ALJ") rejected Hall County's methodology. The ALJ decided that because O'Kelley had worked for Hall County for only seven weeks, OCGA § 34-9-260 (1) was inapplicable. Instead, the ALJ determined that O'Kelley's average weekly

---

[6] *Cunningham v. State*, 231 Ga. App. 420, 421 (1) (498 SE2d 590) (1998).

wage should have been calculated by finding the average weekly wage for each of her two jobs and adding them together: $138.75 from Dari-Spot and $229.85 from Hall County for a total of $368.60 per week, or $245.73 in income benefits.[1] The Board agreed with the ALJ's calculations, but the superior court did not.

The court decided that the "wrinkle in this case [was] caused by the fact that Ms. O'Kelley was employed by two employers at the time of her injury, but only for the seven weeks prior to the injury." The court found that the language of the statute required only that O'Kelley have worked in the same kind of job — in this instance food services — for 13 weeks prior to her injury in order for subsection (1) to apply. Accordingly, the court reversed and directed the Board to recalculate O'Kelley's weekly wage by including all of the wages she earned at Dari-Spot and all of the wages she earned from Hall County during the 13 weeks immediately prior to the injury and then dividing that result by 13. O'Kelley appeals.

1. O'Kelley contends that the court erred in reversing the Board by failing to follow established case law in calculating her average weekly wage and by failing to adhere to the any evidence standard of review.

An award of the Board is "conclusive and binding as to all questions of fact." OCGA § 34-9-105 (a). Neither the superior court nor this Court has any authority to substitute itself as the factfinding body in lieu of the Board, and such award must be affirmed if there is any evidence to support it. *Masterpiece Finishing Co. v. Callahan*, 180 Ga. App. 216, 217 (348 SE2d 586) (1986).

Where, as here, an employee was working for two separate and distinct employers prior to an on-the-job accident with one of the employers, Georgia courts look to the doctrine of concurrent similar employment to determine whether the earnings in the employment in which she was not injured should be included in computing the average weekly wage. *St. Paul Mercury Indem. v. Idov*, 88 Ga. App. 697, 700-701 (77 SE2d 327) (1953). Under that doctrine, where an employee is concurrently employed by different employers at the time of the injury, is doing similar work for each of them, and sustains a compensable injury while working for one of the employers that is subject to the Workers' Compensation Act, the employee's total wages from all his employers are considered in determining the average weekly wage. Id. This allows the employee "compensation in direct relation to his earning capacity at the time of the accident." Id. at 700.

---

[1] O'Kelley earned the $229.85 rate for only one week. For the other six weeks, she averaged about $93.60 from her job with Hall County.

Here, the parties stipulated that O'Kelley's employment in both her jobs constituted similar and concurrent employment. And the ALJ found that O'Kelley's employment in her two jobs was similar and became concurrent beginning September 3, 1995, when she took her job with Hall County. Under these circumstances, we find that the doctrine of concurrent similar employment applies and O'Kelley's wages from both her jobs must be taken into consideration in calculating her average weekly wage. See generally *St. Paul Fire &c. Ins. Co. v. Walters*, 141 Ga. App. 579, 581 (3) (234 SE2d 157) (1977). The crucial question then is what formula must be used to calculate that wage.

OCGA § 34-9-260 sets forth various formulas for calculating the average weekly wage. Subsection (1) of that Code section provides:

> If the injured employee shall have worked in the employment in which he was working at the time of the injury, whether for the same or another employer, during substantially the whole of 13 weeks immediately preceding the injury, his average weekly wage shall be one-thirteenth of the total amount of wages earned in such employment during the 13 weeks.

This Court has held that the term "employment" as used in this subsection means "the type or kind of employment. . . . It refers to the particular calling or kind of employment in which claimant was engaged at the time of his injury." *Black v. American &c. Ins. Co.*, 123 Ga. App. 133, 134-135 (2) (179 SE2d 679) (1970) (holding that employee's second job was not similar and thus the wages from that job could not be considered in calculating workers' compensation award). Nevertheless, although O'Kelley had worked in the food service industry for more than 13 weeks prior to her injury, she had not worked with Hall County for substantially the whole of 13 weeks. She did not begin her job with Hall County, even on a part-time basis, until seven weeks before the date of the accident.

We have previously held that where an employee worked 90 percent of his regular work schedule during the 13 weeks prior to his injury, he had not worked "substantially the whole" of the 13 weeks as required by OCGA § 34-9-260 (1). *Callahan*, 180 Ga. App. at 218. And in *New Amsterdam Cas. Co. v. Brown*, 81 Ga. App. 790, 796 (2) (a) (60 SE2d 245) (1950), we stated:

> A man who has worked a full work week for not more than [two] of the thirteen weeks, and has not worked at all during three of those weeks, cannot be held to have worked during substantially the whole of thirteen weeks, and the director

correctly refused to use subsection 1 of [OCGA § 34-9-260] as a yardstick for determining average weekly wage.

Therefore, we find there was sufficient evidentiary support for the Board's determination that O'Kelley had not worked "substantially the whole of 13 weeks" prior to her injury, and the superior court should have affirmed the Board's finding that OCGA § 34-9-260 (1) did not apply.

Similarly OCGA § 34-9-260 (2) does not apply. First, the parties stipulated that no "similar employee," as required by that subsection, existed. Although neither the ALJ, the full Board nor the superior court is bound by this stipulation to the extent it represents a conclusion of law, O'Kelley, who bore the burden on this issue, offered no evidence to the contrary. See *Fran's Escort Svc. v. Strickland,* 208 Ga. App. 294 (430 SE2d 389) (1993); *Hood v. Jackson,* 81 Ga. App. 465 (3) (59 SE2d 45) (1950) (claimant must establish by sufficient competent evidence the proper basis for compensation).

Where neither subsection (1) nor subsection (2) can "reasonably and fairly be applied," subsection (3) states that "the full-time weekly wage of the injured employee [must] be used." OCGA § 34-9-260 (3). See *Federated Mut. &c. Ins. Co. v. Elliott,* 88 Ga. App. 266, 271 (4) (76 SE2d 568) (1953). In this case, under the doctrine of concurrent similar employment, O'Kelley's "full-time weekly wage" includes both the full-time wages she earned with Hall County and the part-time wages earned at Dari-Spot: "Where wages are paid on an hourly basis, the fulltime weekly wage is the wage per hour multiplied by the number of hours shown by the evidence to constitute a full time work week for such employee under his contract of employment." (Citation and punctuation omitted.) *Black v. American &c. Ins. Co.,* 123 Ga. App. at 136; *New Amsterdam Cas. Co. v. Brown,* 81 Ga. App. at 791, hn. (2) (b). Therefore, the ALJ and the Board correctly calculated O'Kelley's average weekly wage. We reverse the judgment of the superior court and remand the case for further proceedings in accordance with this opinion.

2. In light of the above holding, we need not address O'Kelley's public policy argument.

*Judgment reversed and case remanded with direction. Smith and Miller, JJ., concur.*

DECIDED MARCH 24, 2000 —
RECONSIDERATION DENIED APRIL 13, 2000.

*Perry M. Sartain,* for appellant.
*Goldner, Sommers, Scrudder & Bass, Alfred A. Quillian, Jr.,* for appellees.

*George, Bartles & Wallach, Alex B. Wallach, Hazleton & Sullivan, Philip J. Botwinik, Todd K. Maziar,* amici curiae.