A02A0073. RHEEM MANUFACTURING COMPANY v. JACKSON.
(562 SE2d 524)

ANDREWS, Presiding Judge.

We granted Rheem Manufacturing Company's application for discretionary review of the superior court's order affirming a decision of the appellate division of the State Board of Workers' Compensation. This decision upheld a determination by the administrative law judge (ALJ) as to the amount of Nora Jackson's average weekly wage for purposes of paying her workers' compensation benefits. Because there was no evidence to support the ALJ's finding that there were no "similar employees" in determining Jackson's average weekly wage, the superior court erred in not remanding the case for an evidentiary hearing on this issue.

OCGA § 34-9-260 provides that:

the average weekly wages of the injured employee at the time of the injury shall be taken as the basis upon which to

compute compensation and shall be determined, subject to limitations as to the maximum and minimum amounts provided for in Code Sections 34-9-261 and 34-9-265, as follows: (1) If the injured employee shall have worked in the employment in which he was working at the time of the injury, whether for the same or another employer, during substantially the whole of 13 weeks immediately preceding the injury, his average weekly wage shall be one-thirteenth of the total amount of wages earned in such employment during the 13 weeks; (2) If the injured employee shall not have worked in such employment during substantially the whole of 13 weeks immediately preceding the injury, the wages of a similar employee in the same employment who has worked substantially the whole of such 13 weeks shall be used in making the determination under the preceding paragraph; (3) If either of the foregoing methods cannot reasonably and fairly be applied, the full-time weekly wage of the injured employee shall be used.

At the hearing before the ALJ, there was no evidence or testimony presented as to the average weekly wage. The ALJ stated at the close of the hearing that he was "going to leave the record open only for the submission of additional items to help us all determine what the average weekly wage is." Thereafter, the record shows that Jackson submitted a schedule of weekly earnings and her payroll register and a letter brief to the ALJ stating that there were no similar employees and therefore Jackson was entitled to receive her average weekly wage.

The ALJ found that the evidence was clear that Jackson had not worked during substantially the whole of the 13 weeks prior to her injury. This finding was supported by the evidence and is not contested on appeal. However, the ALJ went on to state that "it is clear that there are no similar employees[; therefore,] the employee's average weekly wage should be determined by using her hourly wage of $13.23 x 40 hours. . . ."

Rheem appealed, and the matter was considered by the appellate division of the State Board of Workers' Compensation, which, after hearing argument, adopted the order of the ALJ. Rheem then appealed to the superior court which affirmed the decision of the appellate division. In affirming, the superior court found that Jackson met her burden under OCGA § 34-9-260 simply because she stated that her full-time weekly wage should be used. The superior court found this sufficient to transfer the burden to Rheem to refute Jackson's contention as to the correct determination of average weekly wage. Rheem contends this was an improper shifting of the

burden of proof as Jackson had the burden to establish the lack of similar employees under OCGA § 34-9-260 (2) before she can have her wages determined under OCGA § 34-9-260 (3).

"[T]he burden of proof is on the claimant to establish by sufficient competent evidence the basis upon which [her] compensation is to be computed." *Hood v. Jackson*, 81 Ga. App. 465 (3) (59 SE2d 45) (1950). Accord *O'Kelley v. Hall County Bd. of Ed.*, 243 Ga. App. 522, 525 (532 SE2d 427) (2000); *Richards v. Wilkinson Shaving Co.*, 198 Ga. App. 45, 47 (400 SE2d 344) (1990). Accordingly, under OCGA § 34-9-260, Jackson was first required to show whether a similar employee exists, and if there is no similar employee, then present evidence as to her full-time weekly wage. OCGA § 34-9-260 (2), (3). But, it is undisputed that Jackson failed to present *any* evidence at all as to whether a similar employee exists.

Although the superior court must affirm a finding of fact by the Workers' Compensation Board if there is any evidence to support it, because there is no evidence to support the finding of fact in this case, the superior court erred in not remanding it to the appellate division for hearing further evidence. See *Distrib. Concepts Co. v. Hunt*, 221 Ga. App. 449, 451 (471 SE2d 539) (1996) (where award is unsupported by competent evidence in the record, superior court could remand to appellate division for evidentiary hearing); *Hood*, supra at 466 (superior court erred in not remanding case to Board to hear evidence and fix rate of compensation). Therefore, the judgment of the superior court is reversed with direction that the case be remanded to the appellate division to hear evidence and determine the amount of Jackson's average weekly wage.

*Judgment reversed and case remanded. Phipps and Mikell, JJ., concur.*

DECIDED MARCH 26, 2002.

*Jones, Cork & Miller, Rufus D. Sams III, Sharon H. Reeves*, for appellant.

*Marcus & Jones, Steven E. Marcus*, for appellee.